E-FILED on:    9/10/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Fred Farmahin Farahani,<br><br>    Plaintiff.<br><br>v.<br><br>Ronald A. Florida, Adolfo Salazar, PLM Lender Services,<br><br>    Defendants. | No. 12-04637<br><br><br>ORDER DENYING REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

    Pro se plaintiff Fred Farmahin Farahani ("plainitff") was formerly currently a chapter 11 debtor in case No. 08-52082 before Judge Roger Efremsky.  On November 24, 2008, Judge Efremsky issued an order terminating the automatic stay pursuant to the bankruptcy laws as of December 31, 2008 to permit Mr. Farahani's secured creditor to foreclose on Mr. Farahani's real property at 1650 Pomona Avenue, San Jose, California.  *See In re Fred Farmahin Farahani*, Case No. 08-52082-RLE, Docket No. 57, 1-2 (Bankr. N.D. Cal. Nov. 24, 2008).  In an effort to stop the foreclosure, plaintiff later requested an temporary restraining order from this court, which was denied on December 30, 2008.  *See In re Fred Farmahin Farahani*, Case No. C-08-05786-RMW, Dkt. No. 4 (N.D. Cal. Dec. 30, 2008).  The case before Judge Efremsky closed on March 9, 2010.

ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
No.12-04637

The foreclosure sale apparently did not occur, and on June 17, 2009, plaintiff filed another bankruptcy petition before Judge Arthur Weissbrodt. On July 28, 2009, Judge Weissbrodt issued an order stating that if plaintiff did not pay the secured creditor approximately $13,000 by August 10, 2009, the secured creditor could submit a Declaration of Default and an Order Terminating Automatic Stay to the bankruptcy court. *See In re Fred Farmahin Farahani*, Case No. 09-54725 ASW, Docket No. 38 (Bankr. N.D. Cal. Aug. 25, 2008). It is not clear whether plaintiff made the required payments, but the parties continued any further hearing on the termination of the automatic stay through 2010 and 2011. On March 14, 2012, the parties entered a stipulation indicating that the stay would remain in effect as long as plaintiff continued to make specified monthly payments, and that if plaintiff failed to do so, the secured creditor could submit a Declaration of Default and an Order Terminating Automatic Stay. *See id.*, Docket No. 227. The stipulation also provided that "the foregoing terms and conditions ... shall be binding only during the pendency of this bankruptcy case. If, at any time the stay is terminated with respect to the Property by court order or by operation of law ... [the] Secured Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor." *Id.*

Judge Weissbrodt dismissed plaintiff's petition without prejudice on April 20, 2012, and the case closed on June 20, 2012. *See id.*, Docket No. 246. On September 5, 2012, plaintiff filed the instant action, alleging "usurious lending practices and violations of the automatic stay" under the bankruptcy code, 11 U.S.C. § 362 et seq. *See* Dkt. No. 1 ¶ 1. On September 10, 2012, plaintiff filed the instant motion, seeking an injunction barring a foreclosure sale scheduled for the following day.

The court finds plaintiff's motion without merit. Under the terms of the parties' stipulation, the stay preventing foreclosure of plaintiff's property was intended to apply only during the pendency of the bankruptcy case before Judge Weissbrodt. As both that case and plaintiff's case before Judge Efremsky have been dismissed, plaintiff is no longer entitled to rely on either the stipulation or the automatic stay provisions of Section 362. *See* 11 U.S.C. § 362(c); *Richard v. Chicago*, 80 B.R. 451, 453 (N.D. Ill. 1987) ("[A] stay lasts for the duration of a bankruptcy proceeding absent modification by the Bankruptcy Court."). Further, given that plaintiff ostensibly received notice of the foreclosure sale several months ago, the court is disinclined to entertain his

ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
No.12-04637

2

1 eleventh-hour request for relief. Accordingly, the motion for a temporary restraining order and
2 preliminary injunction is denied.
3     It is so ordered.

5 DATED:     9/10/12

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Dated:** _____

                                                 **Chambers of Judge Whyte**