**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRED FARMAHIN FARAHANI, | Case No.: 12-CV-04637-LHK |
| Plaintiff, | ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS |
| v. | |
| RONALD A. FLORIA, ADOLFO SALAZAR, PLM LENDER SERVICES, | |
| Defendants. | |

Before the Court is Defendant Ronald A. Floria's motion to dismiss Plaintiff's complaint, Doc. No. 13.  Also before the Court are Plaintiff's three recently filed motions relating to the underlying complaint: an "*ex parte* motion [requesting a] constructive trust for defendants [sic] malicious abuse of process[;] change of venue," Doc. No. 32; a "motion for emergency hearing," Doc. No. 34; and a "motion for a one-on-one appointment with Judge," Doc. No. 35 (collectively, "Plaintiff's post-eviction motions").  A hearing was held on April 11, 2013 ("April 11 hearing").  Having considered the submissions of the parties, the relevant law, and the arguments of the parties, the Court GRANTS Defendant Floria's motion to dismiss, and DENIES Plaintiff's post-eviction motions.

I.      BACKGROUND

        Plaintiff's complaint contains minimal factual allegations.  However, Defendant Floria has requested judicial notice of various documents filed in support of his motion to dismiss and his

1

1   reply.[1]  From these documents and others records of Plaintiff's prior proceedings of which the

2   Court takes judicial notice sua sponte pursuant to Fed. R. Evid. 201(b), the Court has gleaned the

3   following factual background.

4       Since 1978, Plaintiff was the owner of a parcel of real property located at 1650 Pomona

5   Avenue, San Jose, CA, 95110 ("the Property").  *See* Request for Judicial Notice, Doc. No. 13-1,

6   ("Request for Judicial Notice") Ex. A, Compl., *Farahani v. Banca Privata, et. al.*, 1-08-CV-

7   109826, Santa Clara Superior Court ("2008 Superior Court Action").  In 2007, Plaintiff obtained a

8   loan from Defendant Floria in the sum of $1,235,000.00, secured by the Property.  *See id.* at 5;

9   Mot. at 2.[2]  Plaintiff alleges that on or around January, 2008, he discovered that his loan was a

10  "'bait and switch' type" and that Defendants were unlicensed, usurious lenders. Compl. ¶ 7.  As

11  discussed in detail below, Plaintiff has pursued various avenues of relief since that time.  However,

12  no court has invalidated the mortgage.  The final trustee's sale of the Property took place on

13  January 25, 2013, and the Trustee's Deed was recorded on January 29, 2013.  Supplemental

14  Request for Judicial Notice, Doc. No. 29-1 ("Supplemental Request for Judicial Notice"), Ex. S.

15  Plaintiff and his family were evicted from the Property on March 27, 2013.  *See* Doc. No. 34.  Two

16

[1] Although a district court generally may not consider any material beyond the pleadings in
17  deciding a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the
    complaint, as well as matters in the public record, without converting a motion to dismiss into one
18  for summary judgment.  *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).  A matter
    may be judicially noticed if it is either "generally known within the territorial jurisdiction of the
19  trial court" or "can be accurately and readily determined from sources whose accuracy cannot
    reasonably be questioned."  Fed. R. Evid. 201(b).  Here, Exhibit E (Trustee's Deed recorded on
20  September 14, 2102); Exhibit M (Rescission of Trustee's Deed recorded on September 14, 2012);
    and Exhibit S (Trustee's Deed recorded on January 29, 2013) are records filed with the County
21  Recorder, of which courts routinely take judicial notice.  *See, e.g., Liebelt v. Quality Loan Serv.*
    *Corp.*, No. 09–cv–05867, 2011 WL 741056, at *6 n. 2 (N.D.Cal. Feb. 24, 2011) (Koh, J); *Reynolds*
22  *v. Applegate*, No. C 10–04427, 2011 WL 560757, at *1 n. 2 (N.D.Cal. Feb.14, 2011) (Breyer, J.);
    *Giordano v. Wachovia Mortg., FSB*, No. 10–cv–04661, 2010 WL 5148428, at *1 n. 2 (N.D.Cal.
23  Dec. 14, 2011) (Fogel, J.).  The remaining documents submitted for judicial notice are all
    documents filed in previous and concurrent lawsuits, which are similarly suitable for judicial notice
24  under Fed. R. Evid. 201(b).  *See Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing
    for judicial notice in federal court of state court orders and proceedings); *United States v. Black*,
25  482 F.3d 1035, 1041 (9th Cir. 2007) (records, including judgments and other court documents, are
    also proper subjects of judicial notice).  Accordingly, Defendant's Request for Judicial Notice and
26  Supplemental Request for Judicial Notice are GRANTED.
27  [2] Plaintiff has also alleged that the actual loan was in the amount of $1,250,000.  *See* Opp'n at 8.
28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

United States District Court
For the Northern District of California

1   of Plaintiff's tenants attended the April 11 hearing, at which they complained that they had paid

2   rent to Plaintiff, but were evicted from the Property on March 27, 2013, with no advance notice.

3   Plaintiff subsequently filed the post-eviction motions referenced above.  *See* Doc. No. 32; Doc. No.

4   34; Doc. No. 35.

5         As elaborated below, Plaintiff has thus far pursued the following legal remedies and

6   avenues of relief from foreclosure.  First, Plaintiff initiated three bankruptcy proceedings

7   (including two appeals).  Plaintiff's wife also initiated a bankruptcy proceeding.  All four

8   bankruptcy proceedings were dismissed prior to the final sale of the Property.  Plaintiff filed two

9   Santa Clara Superior Court actions, both of which remain pending.  Plaintiff filed three other cases

10   before the federal judiciary, namely: a previous filing in this Court, which was dismissed; a petition

11   for a writ of mandamus to the Ninth Circuit, which was denied; and the current action.

12        **A.**     **Bankruptcy Court Proceedings and Related Appeals**

13         Since 2007, Plaintiff has initiated three separate bankruptcy proceedings, and his wife has

14   initiated one.  All proceedings, which are described below, were dismissed before the final sale of

15   the Property.

16         On April 28, 2008, Plaintiff filed a Chapter 11 bankruptcy proceeding before Judge Roger

17   Efremsky ("Plaintiff's First Bankruptcy Proceeding").  *See In re Fred Farmahin Farahani*, Case

18   No. 08-52082-RLE, Doc. No. 1 (Bankr. N.D.Cal. Apr. 28, 2008).  On November 24, 2008, Judge

19   Efremsky issued an order terminating the automatic stay pursuant to 11 U.S.C. § 362(a), with

20   respect to the Property, effective December 31, 2008.  *See id.*, Doc. No. 57.  On December 31,

21   2008, Plaintiff appealed Judge Efremsky's termination of the automatic stay to the U.S. District

22   Court in San Jose.  *Id.*, Doc. No. 65.  On May 20, 2009, the underlying bankruptcy case was

23   dismissed.  *See id.*, Doc. 83.  On June 25, 2009, U.S. District Judge James Ware dismissed

24   Plaintiff's appeal, because Plaintiff failed to file an appeal brief or a Case Management Statement

25   after the Court admonished Plaintiff that failure to do so would result in dismissal pursuant to Rule

26   41(b) of the Federal Rules of Civil Procedure.  *See In re Fred Farmahin Farahani*, Case No. 09-

27   00130-JW, Doc. No. 5 (N.D.Cal. June 25, 2009).

28

3

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

**United States District Court**
For the Northern District of California

1    On June 17, 2009, Plaintiff filed a second Chapter 11 bankruptcy proceeding before Judge

2    Arthur Weissbrodt ("Plaintiff's Second Bankruptcy Proceeding").  *See In re Fred Farmahin*

3    *Farahani*, Case No. 09-54725-ASW, Doc. No. 1 (Bankr. N.D.Cal. Jun. 17, 2009).  Judge

4    Weissbrodt dismissed this case on May 20, 2012.  *Id.*, Doc. No. 246.

5    On May 18, 2012, Plaintiff filed a third Chapter 11 Petition ("Plaintiff's Third Bankruptcy

6    Proceeding").  *See In re Fred Farmahin Farahani*, Case No. 12-53818-CN, Doc No. 1 (Bankr.

7    N.D.Cal. May 18, 2012).  That case proceeded before Bankruptcy Judge Charles Novack, until

8    Judge Novack dismissed the case on September 14, 2012.  *See id.*, Doc. No. 122.  On August 1,

9    2012, Judge Novack denied Plaintiff's motion to extend the automatic stay, and reiterated that no

10   automatic stay was in effect.  *See* Request for Judicial Notice, Ex. J.  During the course of this

11   bankruptcy proceeding, Plaintiff appealed Judge Novack's order denying Plaintiff's motion to

12   extend an automatic stay to the Bankruptcy Appellate Panel of the Ninth Circuit.  *See id.*, Doc. No.

13   44.  The Bankruptcy Appellate Panel dismissed the appeal as moot on December 18, 2012, because

14   the underlying case had been dismissed on September 10, 2012.  *Id.*, Doc. No.126.

15   On September 10, 2012, Plaintiff's wife, Farnaz Farahani, filed for Chapter 13 bankruptcy,

16   claiming a community property interest in the Property.  Supplemental Request for Judicial Notice,

17   Ex. L.  The case proceeded before Judge Weissbrodt.  *Id.*  While Farnaz Farahani's bankruptcy

18   case was pending, Defendant Floria voluntarily rescinded the original trustee's sale that he had

19   held on September 11, 2012.  Request for Judicial Notice, Ex. E; Supplemental Request for

20   Judicial Notice, Ex. M.  Farnaz Farahani's bankruptcy was dismissed on November 14, 2012.

21   Supplemental Request for Judicial Notice, Ex. N.  Defendant Floria obtained an Order granting

22   him "in rem" relief under the Bankruptcy Code, such that future bankruptcies should not affect the

23   foreclosure of the Property.  Supplemental Request for Judicial Notice, Ex. O.

24   **B.     State Court Actions**

25   In addition to Plaintiff's proceedings before the Bankruptcy Court, Plaintiff has also filed

26   two cases before the Superior Court of Santa Clara County ("the Superior Court"), both of which

27   remain pending.

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

### 1.   2008 Superior Court Action

Prior to commencing the First Bankruptcy Proceeding, Plaintiff filed a complaint with the Superior Court on April 3, 2008.  In that action (the "2008 Superior Court Action"), Plaintiff named current Defendants Ronald A. Floria and PLM Lender Services, Inc.,[3] as well as Defendants Banca Privata, N.A., LLC, d/b/a Pronto Mortgage Express; Warren Mickelson; Al Rossie a/k/a Albert J. Ingallinera; Thomas Breza; and Does 1 through 25, inclusive.  The 2008 Superior Court Action complaint alleged *inter alia* fraud, breach of fiduciary duty, breach of contract, and usury relating to the loan that Plaintiff obtained from Defendants in 2007.  Compl. ¶ 8; Request for Judicial Notice, Ex. A.  According to the Superior Court docket, Defendants Floria and PLM Lender Services, Inc. were dismissed with prejudice from that action in February, 2009.  *See* Request for Judicial Notice, Ex. B (document dismissing Ronald A. Floria from the 2008 Superior Court Action on February 17, 2009); Request for Judicial Notice, Ex. I, tentative ruling of Court and Docket of 2008 Superior Court Action ("Tentative Denial of Motion to Rejoin and Docket Sheet").  Plaintiff alleges that this dismissal took place on October 20, 2008.  Compl. ¶ 11.  However, he provides no evidence to support this allegation, and it is contradicted by the above documents of which the Court has taken judicial notice.[4]

---

[3] In his complaint, Plaintiff does not distinguish between Defendants Floria, PLM Lender Services, [Inc.], and Defendant Salazar, whom he refers to collectively as "Defendants."  *See* Compl. ¶ 5.  However, Defendant Salazar was not named in the 2008 Superior Court Action.  Defendant PLM Lender Services, Inc. is named in the caption of this proceeding as "PLM Lender Services," but has filed documents with the Court as PLM Lender Services, Inc.  *See* Doc. 12.

[4] The exact date in February that Defendants were dismissed is not clear from the documents submitted in the Request for Judicial Notice.  It appears that Defendant Ronald A. Floria was dismissed on February 17, 2009.  *See* Request for Judicial Notice, Ex. B.  The case docket, submitted as Exhibit I, and available electronically at www.sccaseinfo.org, shows that requests for dismissal for both Defendant Floria and Defendant PLM Lender Services, Inc. were filed on February 17, 2009.  The docket also reflects "Ntc:Entry Of Dismissal W/Pos" for PLM Lender Services, Inc. on February 26, 2009, and for Ronald A. Floria on February 27, 2009.  The docket also indicates an "Objection to disml, Fred Farahani, Pro Per" on February 17, 2009.  By contrast, the only other docket entry between June 2008 and February 2009 is on October 22, 2008, which is recorded as a "Declaration of plt re: osc re: dismissal."  This discrepancy in dates is significant to Plaintiff's allegations regarding whether an automatic stay was in effect, as discussed *infra*, because Judge Efremsky's order terminating the automatic stay had an effective date of December 31, 2008.

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

**United States District Court**
For the Northern District of California

Plaintiff now alleges that Defendants were improperly dismissed from the 2008 Superior Court Action.  Compl. ¶ 10-11.  Specifically, Plaintiff alleges that Defendants, acting through the attorney, Benjamin Levinson, threatened Plaintiff with foreclosure and financial ruin if he refused to agree to enter into a forbearance agreement ("the forbearance agreement"), which provided, *inter alia*, that Defendants would be dismissed with prejudice.  *Id.*  Defendants allegedly pressured Plaintiff to enter into the forbearance agreement while Plaintiff was recovering from a severe stroke, and was limited in both physical and mental capacity, and was not actively represented by counsel.  *Id.*  Defendants allegedly concealed from Plaintiff the fact that he was shielded from immediate foreclosure by his Chapter 11 bankruptcy proceeding, and that none of the parties could lawfully enter into such an agreement without prior approval of the Bankruptcy Court.  *Id.*  While neither the instant complaint nor the motion to dismiss allege a date for this forbearance agreement, subsequent proceedings indicate the agreement was entered into on February 11, 2009.  *See In re Fred Farmahin Farahani*, Case No. 09-54725-ASW, Doc. No. 147 ("Transcript Vacating Forbearance Agreement"), Tr. 4:17-19; *Id.*, Doc. No. 150 ("Order Vacating Forbearance Agreement"), at 1.

On December 7, 2010, in the course of Plaintiff's Second Bankruptcy Proceeding, Judge Weissbrodt vacated this forbearance agreement as unenforceable.  Transcript Vacating Forbearance Agreement, Tr. 4:5-9:11; Order Vacating Forbearance Agreement, at 1.  Judge Weissbrodt acknowledged that the parties disputed the exact content of the forbearance agreement.  Tr. 5:4-7.  However, it was undisputed that the agreement (1) added Defendant's attorney's fees to the amount of the secured debt; (2) caused Plaintiff to dismiss Defendant from a pending State Court action, and that such action belonged to Plaintiff's bankruptcy estate as an asset of the estate; and (3) reduced the interest rate on Defendant's loan to Plaintiff from 13.99 percent to 11.25 percent and extended the maturity date.  *Id.* at 5:4-20.  Judge Weissbrodt noted that this forbearance agreement took place on February 11, 2009, during the course of Plaintiff's First Bankruptcy Proceeding before Judge Efremsky.  *Id.* at 4:13-19.  Judge Weissbrodt further found that no automatic stay was in place at that time, since Judge Efremsky had granted Defendant Floria relief from the automatic

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

stay on November 24, 2008. *Id.* at 4:14-17.  However, Judge Weissbrodt found that relief from the

stay "did not grant [Plaintiff] authorization to incur new debt or to enter into a settlement with

[Defendant]." *Id.*at 7:4-24.  Rather, Judge Weissbrodt found that the settlement of a state court

cause of action during bankruptcy proceedings without the Bankruptcy Court's approval violated

Federal Rule of Bankruptcy Procedure 9109(a) and rendered the settlement unenforceable. *Id.* at

8:12-24 (citations omitted).  Judge Weissbrodt also emphasized that Defendant's "experienced

bankruptcy attorney" negotiated the forbearance agreement with Plaintiff and Plaintiff's agent,

rather than with Plaintiff's attorney whose motion to withdraw had not been granted at that time.

*Id.* at 4:19-5:1.  Thus, Judge Weissbrodt found the agreement unenforceable, both by statute and

based on the equities of the transaction. *Id.* at 8:1-9:11.

However, Judge Weissbrodt also emphasized that Plaintiff's motion to vacate the

agreement did not seek to determine the validity, priority, or extent of Defendant Floria's lien. *Id.*

at 6:20-7:1.  Rather, the result of Judge Weissbrodt's decision to vacate the forbearance agreement

reduced the amount of Defendant Floria's lien, by striking the addition of Defendant Floria's

attorney's fees to the amount of the secured debt. *See id.* at 6:23-25.  As noted above, Judge

Weissbrodt dismissed Plaintiff's Second Bankruptcy Proceeding without prejudice on May 20,

2012. *See In re Fred Farmahin Farahani*, Case No. 09-54725-ASW, Doc. No. 246.

Despite Judge Weissbrodt's finding that the forbearance agreement was unenforceable,

Plaintiff's repeated attempts to vacate the dismissal of Defendants from the 2008 Superior Court

Action have been unsuccessful.  Prior to Judge Weissbrodt's decision vacating the agreement, the

Superior Court denied Plaintiff's motion for an order granting relief from the voluntary dismissals

on July 21, 2009, and denied Plaintiff's motion for rescission of the mutual settlement agreement

and forbearance agreement on August 11, 2009.  Request for Judicial Notice, Ex. C, Superior Court

"Order Denying Motion for Order Granting Relief from Voluntary Dismissals" and "Order

Denying Motion for Rescission of Mutual Settlement Agreement & Forbearance Agreement."

Subsequent to the Bankruptcy Court's decision vacating the forbearance agreement, Plaintiff filed

a motion for rejoinder of dismissed Defendants Floria and PLM Lender Services, Inc. in the 2008

**United States District Court**
For the Northern District of California

7

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

Superior Court Action, that was heard on September 4, 2012.  Compl. ¶ 14.  Defendant has represented that this motion was denied.  *See* Request for Judicial Notice, Ex. I, Tentative Denial of Motion to Rejoin and 2008 Superior Court Action Docket Sheet.

### 2.     2012 Superior Court Action

On November 30, 2012, Plaintiff filed a second action in Santa Clara Superior Court ("2012 Superior Court Action"), naming current Defendants Ronald Floria and PLM Lender Services, Inc., as well as Defendants 123TD.com, LLC; Pronto Mortgage Express; Premier Trust Deed Investments; Albert Joseph Ingallinera a/k/a Al Rossi; Warren M. Mickelson; Thomas Breza; and Does 1 through 25, inclusive.  The complaint alleges 14 causes of action, including all of the causes of action alleged in the 2008 Superior Court Action except for usury.  The complaint requests damages, injunctive, and declaratory relief.  *See* Supplemental Request for Judicial Notice, Ex. P.  This case also remains pending.  *Id.*

### C.     Plaintiff's Filings in This Court and with the Ninth Circuit

On December 30, 2008, the day before Plaintiff appealed Judge Efremsky's termination of the automatic stay to this Court, Plaintiff also filed a document in this Court alleging that Defendant Floria violated various laws, and Plaintiff requested a temporary restraining order.  *See In re Fred Farmahin Farahani*, Case No. 08-05786-RMW (N.D.Cal. Dec. 30, 2008).  U.S. District Judge Ronald M. Whyte denied Plaintiff's request for a temporary restraining order on December 30, 2008.  *See id.*, Doc. No. 4.  The case was subsequently reassigned to Judge James Ware, who was presiding over Plaintiff's appeal of Judge Efremsky's termination of the automatic stay, which Judge Ware dismissed on June 25, 2009, as discussed in Section I.A above.  On May 12, 2009, Judge Ware dismissed Case No. 08-05786 with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and entered judgment against Plaintiff in favor of Defendants Benjamin R. Levinson, PLM Lender Services, and three other Defendants.  *See id.*, Doc. No.13; Doc. No. 14.[5]

---

[5] Judge Whyte aptly described Mr. Farahani's filing as "difficult to comprehend."  No Defendants have alleged that this previous judgment precludes the current action, nor was Defendant Floria named in that action.

8

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

**United States District Court**
For the Northern District of California

1    Plaintiff filed the complaint in the instant action on September 5, 2012.  Although no causes

2  of action were enumerated, the complaint alleged "usurious lending practices and violations of the

3  automatic stay" under the Bankruptcy Code, 11 U.S.C. § 362 *et seq*.  Doc. No. 1.  On September

4  10, 2012, the day before a scheduled foreclosure sale, Plaintiff filed an *ex parte* motion for a

5  temporary restraining order barring the sale.  Also on September 10, 2012, Judge Ronald Whyte

6  denied the motion.  Doc. No. 7.

7    On September 28, 2012, Defendant Ronald A. Floria filed a motion to dismiss for lack of

8  standing and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and

9  12(b)(6).  *See* Doc. No. 13.  Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition to the

10  motion to dismiss was due on October 12, 2012.  On January 7, 2013, when Plaintiff had not filed

11  an opposition or statement of nonopposition to this motion to dismiss, this Court issued an order

12  converting the January 31, 2013 hearing on Defendant's motion to dismiss to a hearing ordering

13  Plaintiff to show cause why the case should not be dismissed for failure to prosecute.  Doc. No. 16.

14  On January 30, 2013, Plaintiff filed a motion for a 45 day extension of the deadline to show cause.

15  *See* Doc. Nos. 19-20.  Plaintiff's motion and supporting declaration explained that Plaintiff (1) was

16  proceeding pro se; (2) was not registered for PACER; (3) learned of the order to show cause on

17  January 20, 2013, after contacting the Clerk's Office regarding another matter; (4) is permanently

18  disabled as a result of a stroke; and (5) had a broken foot.

19    Plaintiff appeared pro se at the order to show cause hearing on January 31, 2013.  On that

20  date, the Court declined to dismiss the case, rescheduled the briefing and hearing on Defendant's

21  motion to dismiss, and referred Plaintiff to the Federal Legal Assistance Self-Help Center

22  ("FLASH") at the San Jose Courthouse.  At the hearing, Plaintiff represented that Defendant

23  Adolfo Salazar had been served, and the Court ordered Plaintiff to file proof of service of

24  Defendant Adolfo Salazar by February 1, 2013.  Doc. No. 21.[6]  As of April 11, 2013, no proof of

25

26  _____

[6] None of the briefing in the current action makes clear the role of Defendant Salazar.  Other

27  documents reveal that Adolfo Salazar is a junior creditor.  *See* Case No. 08-05786-RMW, *In re: Fred Farmahin Farahani*, Doc. No. 4.  Defendant Salazar has not filed an appearance or any

28  documents in this case.

9

1   service of the complaint was entered on ECF.  At the April 11 hearing, Plaintiff again represented

2   that he had timely served Defendant Salazar and that Plaintiff would file a proof of service by April

3   15, 2013.  On April 12, 2013, a proof of service of Defendant Salazar was entered into ECF.  *See*

4   Doc. No. 43. The document bears a stamp indicating that it was filed in paper copy with the

5   Clerk's office on September 19, 2012.  *See id.*  Accordingly, the Court finds that Defendant Salazar

6   was timely served in this action.

7          Plaintiff filed an opposition to Defendant Floria's motion to dismiss on February 19, 2013,

8   in compliance with the adjusted deadline set by the Court.  Doc. No. 23.  Defendant Floria filed his

9   reply on February 26, 2013, in compliance with the Court's adjusted deadline.  Doc. No. 39.

10  Following Plaintiff's eviction on March 27, 2013, Plaintiff filed the three post-eviction motions,

11  discussed at length below.  Doc. No. 32; Doc. 34; Doc. No. 35.  On April 9, 2013, Plaintiff filed a

12  pre-case management statement containing further allegations of improper eviction, and a

13  "proposed order" not identified as a motion.  *See* Doc. No. 39; Doc. 40.

14         Additionally, on January 22, 2013, Plaintiff filed a petition for Writ of Mandamus in the

15  Ninth Circuit Court of Appeals, requesting "to stay the sale of real property until petitioner's cases

16  are heard," and "to transfer all of petitioner's cases to the San Francisco District of the United

17  States District Court of Northern California."  *See* Doc. No. 17.  On January 25, 2013, the Ninth

18  Circuit denied Plaintiff's petition.  *See* Doc. No. 18.

19  **II.     LEGAL STANDARD**

20         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

21  it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the

22  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

23  *Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the

24  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

25  unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  In deciding whether the plaintiff has stated a

26  claim, a court must assume the plaintiff's allegations are true and draw all reasonable inferences in

27  the plaintiff's favor.  *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

United States District Court
For the Northern District of California

1    However, a court is not required to accept as true "allegations that contradict matters

2    properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted

3    deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055

4    (9th Cir. 2008).  The Court "has a duty to ensure that pro se litigants do not lose their right to a

5    hearing on the merits of their claim due to ignorance of technical procedural requirements."

6    *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).  Nonetheless, "although pro

7    se pleadings are construed liberally, even pro se pleadings 'must meet some minimum threshold in

8    providing a defendant with notice of what it is that it allegedly did wrong.'"  *Doe v. Fed. Dist.*

9    *Court,* 467 F. App'x 725, 727 (9th Cir. 2012) (quoting *Brazil v. United States Dep't of Navy,* 66

10   F.3d 193, 199 (9th Cir.1995)).

11   In granting a motion to dismiss, a court should grant leave to amend unless the pleading

12   could not possibly be cured by the allegation of other facts.  *Lopez v. Smith,* 203 F.3d 1122, 1130

13   (9th Cir. 2000).  If amendment would be futile, however, the court may dismiss with prejudice.

14   *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

15   **III.    DISCUSSION**

16   For the reasons set forth below, the Court GRANTS Defendant Floria's motion to dismiss,

17   and dismisses the complaint with respect to all Defendants, with leave to amend as set forth below.

18   The Court also DENIES Plaintiff's post-eviction motions.

19   **A.    Motion to Dismiss**

20   **1.    Failure to State a Claim**

21   Although only Defendant Floria has filed a motion to dismiss in this action, Plaintiff's

22   complaint fails to differentiate between the three named Defendants, and the defects in the

23   complaint identified by Defendant Floria apply equally to the other two Defendants. [7]  Specifically,

---

[7] The Court notes that on September 27, 2012, Defendant PLM Lender Services, Inc. filed a notice
of non-monetary status in lieu of an answer, to which Plaintiff did not object.  Doc. No. 12.
California Civil Code Section 2924*l* permits a trustee to declare non-monetary status if the trustee
"maintains a reasonable belief that it has been named in the action or proceeding solely in its
capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the
performance of its duties as trustee." Cal. Civ.Code § 2929*l* (a).  If there is no objection to the
declaration within 15 days of filing, the trustee gains non-monetary status. Cal. Civ. Code § 2929*l*

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

**United States District Court**
For the Northern District of California

1  Plaintiff's pro se complaint does not enumerate any causes of action, and contains minimal factual

2  allegations, some of which conflict with the facts presented in the documents of which the Court

3  has taken judicial notice.  *See supra*; Doc. No. 1.  As such, the complaint fails to give any

4  Defendant "fair notice of what the ... claim is and the grounds upon which it rests."  *See Iqbal*, 556

5  U.S. 662 at 698-99 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  Defendant Floria's motion

6  to dismiss is therefore GRANTED, and Plaintiff's complaint is dismissed with respect to all

7  Defendants.  *See Silverton v. Dep't of the Treasury,* 644 F.2d 1341, 1345 (9th Cir. 1981) (A court

8  "may properly on its own motion dismiss an action as to defendants who have not moved to

9  dismiss where such defendants are in a position similar to that of moving defendants or where

10  claims against such defendants are integrally related."); *see also Abaghinin v. Amvac Chem. Corp.,*

11  545 F.3d 733, 742–743 (9th Cir. 2008).

12                    **2.      Violation of Automatic Stay**

13        For the reasons set forth below, the Court grants Defendant Floria's motion to dismiss with

14  prejudice as to Plaintiff's claims arising out of an alleged violation of an automatic stay.  The Court

15  finds that any amendment to these claims would be futile in light of the documents of which the

16  Court has taken judicial notice.  *See Lopez*, 203 F.3d 1122; *Dumas*, 90 F.3d 986.

17        Plaintiff has repeatedly alleged that "Defendants" violated the automatic bankruptcy stay,

18  but has failed to identify any improper action taken by any of the Defendants while an automatic

19  stay was in effect.  Although Plaintiff has alleged that the dismissal of Defendants Floria and PLM

20  Lender Services, Inc. from the 2008 Superior Court Action violated an automatic stay, the Court

21  _____

22  (d).  *Cf. Wise v. Suntrust Mortg., Inc.*, 11-CV-01360-LHK, 2011 WL 1466153 (N.D. Cal. Apr. 18,
    2011).  Further, in the 2008 Superior Court Action complaint, Plaintiff stated that "PLM Lender

23  Services, Inc. is a corporation . . . doing business  . . . as a foreclosure sales trustee" and "is named
    herein solely to establish the Court's jurisdiction over it, and not for any monetary recovery, and

24  specifically for purposes of perfecting a binding order and judgment from the court in Plaintiff's
    causes of action alleged herein for injunctive relief."  Request for Judicial Notice, Ex. A, ¶ 4.  As

25  stated above, PLM Lender Services, Inc. has now transferred all of its right, title and interest in the
    Property to Defendant Floria, and Plaintiff's prayer for injunctive relief is now moot.  *See*

26  Supplemental Request for Judicial Notice, Ex. S.  At the April 11 hearing, Plaintiff indicated an
    untimely objection to Defendant PLM Lender Services, Inc.'s non-monetary status; however, he

27  did not identify any basis for this objection.  As such, the Court considers PLM Lender Services,
    Inc. a nominal party in this action.

28                                                            12

**United States District Court**
For the Northern District of California

1    has taken judicial notice of the fact that the dismissal with prejudice of Defendant Floria and

2    Defendant PLM Lender Services, Inc. from that case was in February, 2009, at a time when no

3    bankruptcy stay was in effect.  *See*, e.g. Compl. ¶ 10-11; Request for Judicial Notice, Ex. B; Ex. I.

4    In denying Plaintiff's request for a temporary restraining order and preliminary injunction, Judge

5    Whyte similarly noted that no automatic stay was in effect in February, 2009.  *See* Doc. No. 7

6    (observing that Bankruptcy Judge Roger Efremsky had issued an order terminating the automatic

7    stay pursuant to the bankruptcy laws as of December 31, 2008) (citing *In re Fred Farmahin*

8    *Farahani*, Case No. 08-52082-RLE, Doc. No. 57, 1-2).

9         At the April 11 hearing, Plaintiff again alleged that a violation of a stay took place in

10   October, 2008.  However, Plaintiff provided no evidence to dispute the record that the forbearance

11   agreement and subsequent dismissal of Defendants Floria and PLM Lender Services, Inc. took

12   place in February, 2009, after the automatic stay had been lifted on December 31, 2008.  Nor has

13   Plaintiff alleged that any bankruptcy stay was in effect at the time of the actual effective

14   foreclosure sale on January 25, 2013.  Consequently, the Court finds that any further factual

15   allegations with respect to a violation of an automatic stay would be futile, and this claim is

16   DISMISSED with prejudice.  *See Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

17                          **3.**       **Leave to Amend**

18        In light of the Court's duty to protect a pro se litigant's right to a hearing on the merits of

19   his claim despite ignorance of the technical procedural requirements, Plaintiff is hereby given leave

20   to amend his complaint within 21 days to specify causes of action with supporting factual

21   allegations.  *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  However,

22   Plaintiff may not add either new parties or causes of action that could not reasonably be construed

23   to be included in the original complaint, without leave of the Court or stipulation of the parties

24   pursuant to Federal Rule of Civil Procedure 15.

25        Because Plaintiff is pro se, the Court provides additional guidance as to what Plaintiff must

26   address in an amended complaint.  In addition to specifying causes of action with supporting

27   factual allegations, Plaintiff's amended complaint must address with specificity (a) why this Court

28

13

United States District Court
For the Northern District of California

1   is the proper forum to hear this case, including identifying a valid basis for federal jurisdiction; and

2   (b) the availability of equitable relief.  A failure to adequately address these issues or to comply

3   with the 21 day deadline will result in a dismissal with prejudice.  Plaintiff is advised that he must

4   have a good faith basis, in both law and fact, for any amendments.  *See* Fed. R. Civ. P. 11.  Any

5   future allegations that lack a good faith basis may subject Plaintiff to sanctions, including monetary

6   sanctions.  *See id.*; *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994) (noting that Rule 11

7   applies to pro se litigants); *Sears v. Cnty. of Monterey*, 11-CV-01876-SBA, 2012 WL 368688 at

8   *13 (N.D. Cal. Feb. 3, 2012).

9   ### a.    Proper Forum

10  In light of Plaintiff's two pending state court actions, multiple dismissed bankruptcy

11  proceedings, two dismissed bankruptcy appeals, two denials of temporary restraining orders, and

12  denial of writ of mandamus by the Ninth Circuit, the Court has significant concerns about whether

13  this Court is the proper forum for Plaintiff's claims.  Most saliently, Plaintiff has thus far failed to

14  identify any valid basis of federal jurisdiction.  Plaintiff has never asserted a basis for diversity

15  jurisdiction in this case.[8]  Rather, the complaint alleges only that this Court has jurisdiction because

16  the case "involves usurious lending practices and violations of the automatic stay, 11 U.S.C. §

17  362." Compl. ¶ 1.  Neither of these bases is sufficient.  As discussed above, the claims of violation

18  of an automatic stay have been dismissed with prejudice.  Nor do usurious lending allegations

19  under California law alone provide a basis for federal jurisdiction.

20  However, it appears that Plaintiff may seek to assert violations of the federal Truth in

21  Lending Act (TILA), which were raised for the first time in Plaintiff's *ex parte* motion for a

22  constructive trust, and referenced by Plaintiff at the April 11 hearing.  If Plaintiff does rely on

23  TILA as the basis for federal jurisdiction, Plaintiff must address the statute of limitations, which

24  appears to bar Plaintiff's claim for either rescission or damages.

---

[8] *See* Request for Judicial Notice, Ex. A (Plaintiff's Complaint in the 2008 Superior Court Action, alleging that that Defendant Floria "is a resident of California, and investing in mortgages secured by real property in Santa Clara County, and that PLM Lender Services, Inc. is a corporation doing business in Santa Clara County, CA.)  Plaintiff has not suggested that he is a citizen of another state, or that he is not a legal permanent resident domiciled in California.  *See* 28 U.S.C. 1332.

14

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

United States District Court
For the Northern District of California

1        With respect to the right of rescission, TILA imposes an absolute limitation that bars any

2    claims filed more than three years after the consummation of the transaction or after the sale of the

3    property, with certain exceptions not relevant here.  15 U.S.C. § 1635(f).  Section 1635(f) is

4    considered a "statute of repose" that "depriv[es] the courts of subject matter jurisdiction when a §

5    1635 claim is brought outside the three-year limitation period."  *Miguel v. Country Funding Corp.,*

6    309 F.3d 1161, 1164 (9th Cir. 2002).  The three-year period is not subject to equitable tolling.  *See*

7    *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely

8    extinguishes the right of rescission at the end of the 3-year period.").  Therefore, Plaintiff would

9    have needed to file any TILA rescission claim arising out of Plaintiff's 2007 loan no later than

10   2010.  Because Plaintiff has not yet filed a TILA claim as of the date of this order, any future filing

11   appears to be barred by the statute of limitations.[9]

12        Although Plaintiff has not explicitly sought damages, it is likely that any damages under

13   TILA would also be barred by TILA's one year statute of limitations.  *See* 15 U.S.C. § 1640(e);

14   *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).  As a general rule, TILA's statute of

15   limitations runs from the date of the consummation of the credit transaction at issue.  *Id.*  In this

16   case, consummation occurred in 2007, when Plaintiff entered into the loan agreement.  Request for

17   Judicial Notice, Ex. A, at 5.  The statute of limitations therefore expired in 2008, and Plaintiff has

18   not yet filed a TILA claim as of the date of this order.[10]  Accordingly, unless equitable tolling

19   applies to suspend the statute of limitations, Plaintiff's TILA damages claims are also time-barred.

20        The Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate

21   circumstances, suspend the limitations period until the borrower discovers or had reasonable

22   opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King,*

23   784 F.2d at 915.  Plaintiff alleges in his complaint that he discovered that his loan was a "'bait and

24   switch' type" on or around January 2008.  Compl. ¶ 7.  If Plaintiff seeks to allege more recent

---

[9] Even if the Court construed Plaintiff's September 25, 2012 complaint (which does not enumerate any cause of action) as alleging a TILA claim, that complaint was filed well after the three year statute of limitations had expired.

[10] Again, even Plaintiff's September 25, 2012 complaint was filed well after the statute of limitations had expired.

15

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

1   discoveries of TILA violations, he is reminded that equitable tolling applies in cases where,

2   "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence

3   of his claim." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other*

4   *grounds by Socop–Gonzalez v. I.N.S.,* 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc).

5   Plaintiff's failure to show due diligence and equitable tolling in his amended complaint will result

6   in dismissal with prejudice.

7        If Plaintiff alleges that this Court has federal jurisdiction on the basis of another federal

8   cause of action, that cause must be clearly identified, and any applicable statute of limitations must

9   be clearly addressed.  If the Court dismisses Plaintiff's federal claims, it will likely decline to assert

10  supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c); *Acri v. Varian*

11  *Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). [11]

12              **b.    Availability of Equitable Relief**

13       If Plaintiff properly alleges cognizable causes of action, and identifies a basis for federal

14  jurisdiction, any future complaint must also clearly identify the relief requested.  To the extent that

15  Plaintiff seeks equitable relief, he cannot do so without pleading the ability to "tender" the amount

16  owed to Defendant Floria.  *See* Mot. at 10; Cal. Civ. Code § 1691(b) ("[T]o effect a rescission a

17  party to the contract must ... [r]estore to the other party everything of value which he has received

18

19  [11] If Plaintiff's amended complaint identifies a valid basis for federal jurisdiction and also alleges
    causes of action raised in the 2008 Superior Court Action, the Court will consider Defendant

20  Floria's allegations that the *Rooker-Feldman* doctrine bars this Court's review of such claims.  *See*
    Mot. at 7-9.  Specifically, the Court will address whether Plaintiff's claims challenge a "legal error

21  by the state court[]" and are thus barred by the *Rooker-Feldman* doctrine, or whether this Court
    retains jurisdiction because Plaintiff challenges "a wrongful act by the adverse party."  *See*

22  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).  The Court will further consider
    whether Defendant's dismissal with prejudice is sufficiently final to implicate the *Rooker-Feldman*

23  doctrine.  *See Mothershed v. Justices of Supreme Court,* 410 F3d 602, 604 n.1 (9th Cir. 2005).  The
    Court notes that, subsequent to Judge Weissbrodt's 2010 decision vacating the forbearance

24  agreement, Plaintiff made one attempt to rejoin Defendants Floria and PLM Lender Services, Inc.
    to the 2008 Superior Court Action, which was rejected on procedural grounds.  *See* Request for

25  Judicial Notice, Ex. I (Superior Court's "Tentative Ruling" that Plaintiff has failed to comply with
    California Code of Civil Procedure section 1008(b) but not foreclosing future requests).  The Court

26  reemphasizes its concern that the Superior Court may be the more appropriate venue to pursue
    Plaintiff's claims.  If the *Rooker-Feldman* does not bar review, the Court will weigh whether

27  discretionary abstention may be appropriate to promote the "conservation of judicial resources and
    comprehensive disposition of litigation."  *See Colorado River Water Conservation Dist. v. United*

28  *States*, 424 U.S. 800, 818 (1976).

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

1   from him under the contract or offer to restore the same upon condition that the other party do

2   likewise."); *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 880 (N.D.Cal. 2010); *Das*

3   *v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1162 (N.D. Cal. 2011).

4        It is undisputed that Plaintiff owed Floria a principal sum of at least $1,235,000. The

5   Trustee's Deed shows that the successful bid for the property, both in the initial voluntarily

6   rescinded sale and in the more recent sale, was $100,000. *See* Request for Judicial Notice, Ex. E,

7   Supplemental Request for Judicial Notice, Ex. S. There is no further suggestion that Plaintiff

8   would be able to tender the full amount owing to Defendant. (Indeed, Plaintiff has emphasized that

9   he is "of limited income," Opp'n at 23, and can no longer afford an attorney. *See* Doc. No. 35.)[12]

10  However, Plaintiff is granted leave to amend, in the possibility that he can plausibly plead facts that

11  would be sufficient to show his ability to tender the amount owed to Defendant Floria.

12        **B.     Post-Eviction Motions**

13        The Court also denies Plaintiff's three post-eviction motions. Plaintiff's one-page "motion

14  for emergency hearing," is DENIED as moot, in light of the April 11 hearing and the dismissal of

15  the underlying action. Plaintiff's one-page "motion for a one-on-one appointment with judge" is

16  also DENIED.[13] Plaintiff's third motion purports to be an "*ex parte* motion [requesting a]

17  constructive trust for defendants [sic] malicious abuse of process[;] change of venue." The motion

18  is captioned with a reference to the current action, and also references the 2008 Superior Court

19  Action and the 2012 Superior Court Action. The motion names Defendant Floria, Defendant PLM

20  Lender Services, Inc., and several others also named in the Superior Court Actions. It does not

---

[12] Defendant Floria has alleged that Plaintiff admitted that the current value of the Property is $600,000 in the context of the third bankruptcy. *See* Request for Judicial Notice, Ex. K. Plaintiff has disputed the validity of this estimate. *See* Doc. No. 27 ("Declaration: Attachment to Response That Was Filed on Feb. 19, 2013"). Defendant Floria has objected to Plaintiff's statement, as beyond the scope of the complaint and beyond the scope of judicial notice. *See* Doc. No. 29-3. Because Plaintiff has not alleged that he could tender the full amount owing to Defendant, Plaintiff's statements would not alter the Court's decision.

[13] The Court refers Plaintiff to the Civil Local Rules governing *ex parte* communications, and especially Civil Local Rule 11-4, cmt. (c) (prohibiting *ex parte* communication between a party and the Court, except as authorized by the Local Rules or ordered by the Court). The Court further notes that the Code of Conduct for United States Judges generally bars a judge from initiating, permitting, or considering *ex parte* communications, with certain exceptions not relevant here. *See* Code of Conduct for U.S. Judges, Canon 3.

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

name Defendant Salazar.  *Id.*  Based on the caption, the Court construes this filing as a further

motion in the instant action, (1) seeking a constructive trust; (2) alleging a new cause of action of

"malicious abuse of process"; and (3) requesting a change of venue.  As discussed below, the Court

DENIES this motion.

**1.     Request for a Constructive Trust**

Plaintiff seeks a constructive trust "because all of his records are located at [the Property],

and plaintiff needs these records to prosecute his usury fraud lawsuits, and if they evict him from

his property.  Plaintiff is disabled, and he his wife [sic], and his disabled son will have to live in a

shelter and he won't access [sic] to his records to fight his usury fraud lawsuits."  *Id.* at 2.

A constructive trust is "an equitable remedy that compels the transfer of wrongfully held

property to its rightful owner."  *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 908-09 (9th Cir.

2010).  In order to seek a constructive trust, Plaintiff must show "(1) the existence of a *res*

(property or some interest in property); (2) the right of a complaining party to that *res;* and (3)

some wrongful acquisition or detention of the *res* by another party who is not entitled to it."

*Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990 (1995); *see also* Cal. Civ.

Code § 2223.  Plaintiff's request for a constructive trust was not included in Plaintiff's complaint,

and is not properly before the Court.  Moreover, as discussed above, Plaintiff has thus far failed to

plead facts sufficient to allege the wrongful acquisition of the Property, and this action has been

dismissed.  The Court therefore DENIES Plaintiff's request.  However, because this legal theory is

sufficiently related to the facts alleged in the initial complaint, Plaintiff is granted leave to include

this request for relief in an amended complaint, if Plaintiff can make the showing necessary for a

constructive trust as set forth above.

**2.     Malicious Abuse of Process**

Regarding the allegation of malicious abuse of process, Plaintiff concedes that he would

need to prove that the Defendant (1) entertained an ulterior motive in using the process and (2)

committed a willful act in a wrongful manner.  *See* Doc. No. 32 at 4 (citing *Coleman v. Gulf*

*Insurance Group*, 41 Cal.3d 782, 792 (1986)).  *Cf. Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056-57,

18

United States District Court
For the Northern District of California

1    128 P.3d 713, 718 (2006) ("The common law tort of abuse of process arises when one uses the

2    court's process for a purpose other than that for which the process was designed.")  California

3    courts have recognized that a claim for abuse of process "requires an act outside the purpose of the

4    process." *See Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (2001).

5         Plaintiff's "malicious abuse of process" motion appears to assert a new cause of action that

6    was not included in the original complaint, and is thus not properly before the Court.  The Court

7    notes that no allegations in the complaint support the existence of an ulterior motive in Defendant's

8    use of any court's process, and thus this cause of action would not be proper to include in the

9    amended complaint.  Moreover, abuse of process claims arising out of allegations of a violation of

10   an automatic stay are foreclosed by the Court's dismissal with prejudice of that claim.  Lastly, the

11   Court explicitly rejects Plaintiff's suggestion that Defendant's reliance on the *Rooker-Feldman*

12   doctrine is an "abuse of process," ECF No. 32, at 6.  Defendant's citation to this doctrine is neither

13   a wrongful act nor indicative of any ulterior motive.  The Court thus DENIES Plaintiff's motion for

14   malicious abuse of process without prejudice.

15                    **3.     Change of Venue**

16        Plaintiff also sought to transfer venue to the United States District Court of Northern

17   California San Francisco.  *See* Doc. No. 32 at 8.  However, Plaintiff withdrew that request orally at

18   the April 11 hearing, and through a notice filed with the Court on April 12, 2013.  *See* Doc. No. 44.

19   Therefore, the Court DENIES as moot Plaintiff's request for change of venue.

20   **IV.    CONCLUSION**

21        The Court GRANTS Defendant's motion to dismiss and DISMISSES the complaint with

22   respect to all Defendants, as set forth above.  Plaintiff may file an amended complaint consistent

23   with this order within 21 days.  A failure to meet the 21 day deadline to file an amended complaint,

24   or to address the issues identified in this order will result in a dismissal of this case with prejudice.

25   As discussed above, the Court DENIES Plaintiff's post-eviction motions.

26   **IT IS SO ORDERED.**

27

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

United States District Court
For the Northern District of California

1    Dated: April 19, 2013

2                                            _____
                                             LUCY H. KOH
                                             United States District Judge
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

United States District Court
For the Northern District of California