1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FRED FARMAHIN FARAHANI, | ) | Case No.: 12-CV-04637-LHK |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT |
| v. | ) | FLORIA'S MOTION TO DISMISS AND |
| | ) | DENYING PLAINTIFF'S MOTIONS |
| RONALD A. FLORIA, ADOLFO SALAZAR, | ) | |
| PLM LENDER SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant Ronald A. Floria's motion to dismiss Plaintiff's complaint, Doc. No. 13.  Also before the Court are Plaintiff's three recently filed motions relating to the underlying complaint: an "*ex parte* motion [requesting a] constructive trust for defendants [sic] malicious abuse of process[;] change of venue," Doc. No. 32; a "motion for emergency hearing," Doc. No. 34; and a "motion for a one-on-one appointment with Judge," Doc. No. 35 (collectively, "Plaintiff's post-eviction motions").  A hearing was held on April 11, 2013 ("April 11 hearing"). Having considered the submissions of the parties, the relevant law, and the arguments of the parties, the Court GRANTS Defendant Floria's motion to dismiss, and DENIES Plaintiff's post-eviction motions.

## I.      BACKGROUND

Plaintiff's complaint contains minimal factual allegations.  However, Defendant Floria has requested judicial notice of various documents filed in support of his motion to dismiss and his

1

1   reply.[1]  From these documents and others records of Plaintiff's prior proceedings of which the

2   Court takes judicial notice sua sponte pursuant to Fed. R. Evid. 201(b), the Court has gleaned the

3   following factual background.

4          Since 1978, Plaintiff was the owner of a parcel of real property located at 1650 Pomona

5   Avenue, San Jose, CA, 95110 ("the Property").  *See* Request for Judicial Notice, Doc. No. 13-1,

6   ("Request for Judicial Notice") Ex. A, Compl., *Farahani v. Banca Privata, et. al.*, 1-08-CV-

7   109826, Santa Clara Superior Court ("2008 Superior Court Action").  In 2007, Plaintiff obtained a

8   loan from Defendant Floria in the sum of $1,235,000.00, secured by the Property.  *See id.* at 5;

9   Mot. at 2.[2]  Plaintiff alleges that on or around January, 2008, he discovered that his loan was a

10  "'bait and switch' type" and that Defendants were unlicensed, usurious lenders. Compl. ¶ 7.  As

11  discussed in detail below, Plaintiff has pursued various avenues of relief since that time.  However,

12  no court has invalidated the mortgage.  The final trustee's sale of the Property took place on

13  January 25, 2013, and the Trustee's Deed was recorded on January 29, 2013.  Supplemental

14  Request for Judicial Notice, Doc. No. 29-1 ("Supplemental Request for Judicial Notice"), Ex. S.

15  Plaintiff and his family were evicted from the Property on March 27, 2013.  *See* Doc. No. 34.  Two

16
17  ---
    [1] Although a district court generally may not consider any material beyond the pleadings in
18  deciding a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the
    complaint, as well as matters in the public record, without converting a motion to dismiss into one
    for summary judgment.  *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).  A matter
19  may be judicially noticed if it is either "generally known within the territorial jurisdiction of the
    trial court" or "can be accurately and readily determined from sources whose accuracy cannot
20  reasonably be questioned." Fed. R. Evid. 201(b).  Here, Exhibit E (Trustee's Deed recorded on
    September 14, 2102); Exhibit M (Rescission of Trustee's Deed recorded on September 14, 2012);
21  and Exhibit S (Trustee's Deed recorded on January 29, 2013) are records filed with the County
    Recorder, of which courts routinely take judicial notice.  *See, e.g., Liebelt v. Quality Loan Serv.*
22  *Corp.*, No. 09–cv–05867, 2011 WL 741056, at *6 n. 2 (N.D.Cal. Feb. 24, 2011) (Koh, J); *Reynolds*
    *v. Applegate*, No. C 10–04427, 2011 WL 560757, at *1 n. 2 (N.D.Cal. Feb.14, 2011) (Breyer, J.);
23  *Giordano v. Wachovia Mortg., FSB*, No. 10–cv–04661, 2010 WL 5148428, at *1 n. 2 (N.D.Cal.
    Dec. 14, 2011) (Fogel, J.).  The remaining documents submitted for judicial notice are all
24  documents filed in previous and concurrent lawsuits, which are similarly suitable for judicial notice
    under Fed. R. Evid. 201(b).  *See Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing
25  for judicial notice in federal court of state court orders and proceedings); *United States v. Black*,
    482 F.3d 1035, 1041 (9th Cir. 2007) (records, including judgments and other court documents, are
26  also proper subjects of judicial notice).  Accordingly, Defendant's Request for Judicial Notice and
    Supplemental Request for Judicial Notice are GRANTED.
27  [2] Plaintiff has also alleged that the actual loan was in the amount of $1,250,000.  *See* Opp'n at 8.
28
                                                    2

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

1    of Plaintiff's tenants attended the April 11 hearing, at which they complained that they had paid

2    rent to Plaintiff, but were evicted from the Property on March 27, 2013, with no advance notice.

3    Plaintiff subsequently filed the post-eviction motions referenced above.  *See* Doc. No. 32; Doc. No.

4    34; Doc. No. 35.

5           As elaborated below, Plaintiff has thus far pursued the following legal remedies and

6    avenues of relief from foreclosure.  First, Plaintiff initiated three bankruptcy proceedings

7    (including two appeals).  Plaintiff's wife also initiated a bankruptcy proceeding.  All four

8    bankruptcy proceedings were dismissed prior to the final sale of the Property.  Plaintiff filed two

9    Santa Clara Superior Court actions, both of which remain pending.  Plaintiff filed three other cases

10   before the federal judiciary, namely: a previous filing in this Court, which was dismissed; a petition

11   for a writ of mandamus to the Ninth Circuit, which was denied; and the current action.

12          **A.      Bankruptcy Court Proceedings and Related Appeals**

13          Since 2007, Plaintiff has initiated three separate bankruptcy proceedings, and his wife has

14   initiated one.  All proceedings, which are described below, were dismissed before the final sale of

15   the Property.

16          On April 28, 2008, Plaintiff filed a Chapter 11 bankruptcy proceeding before Judge Roger

17   Efremsky ("Plaintiff's First Bankruptcy Proceeding").  *See In re Fred Farmahin Farahani*, Case

18   No. 08-52082-RLE, Doc. No. 1 (Bankr. N.D.Cal. Apr. 28, 2008).  On November 24, 2008, Judge

19   Efremsky issued an order terminating the automatic stay pursuant to 11 U.S.C. § 362(a), with

20   respect to the Property, effective December 31, 2008.  *See id.*, Doc. No. 57.  On December 31,

21   2008, Plaintiff appealed Judge Efremsky's termination of the automatic stay to the U.S. District

22   Court in San Jose.  *Id.*, Doc. No. 65.  On May 20, 2009, the underlying bankruptcy case was

23   dismissed.  *See id.*, Doc. 83.  On June 25, 2009, U.S. District Judge James Ware dismissed

24   Plaintiff's appeal, because Plaintiff failed to file an appeal brief or a Case Management Statement

25   after the Court admonished Plaintiff that failure to do so would result in dismissal pursuant to Rule

26   41(b) of the Federal Rules of Civil Procedure.  *See In re Fred Farmahin Farahani*, Case No. 09-

27   00130-JW, Doc. No. 5 (N.D.Cal. June 25, 2009).

28

3

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

1       On June 17, 2009, Plaintiff filed a second Chapter 11 bankruptcy proceeding before Judge

2   Arthur Weissbrodt ("Plaintiff's Second Bankruptcy Proceeding").  *See In re Fred Farmahin*

3   *Farahani*, Case No. 09-54725-ASW, Doc. No. 1 (Bankr. N.D.Cal. Jun. 17, 2009).  Judge

4   Weissbrodt dismissed this case on May 20, 2012.  *Id.*, Doc. No. 246.

5       On May 18, 2012, Plaintiff filed a third Chapter 11 Petition ("Plaintiff's Third Bankruptcy

6   Proceeding").  *See In re Fred Farmahin Farahani*, Case No. 12-53818-CN, Doc No. 1 (Bankr.

7   N.D.Cal. May 18, 2012).  That case proceeded before Bankruptcy Judge Charles Novack, until

8   Judge Novack dismissed the case on September 14, 2012.  *See id.*, Doc. No. 122.  On August 1,

9   2012, Judge Novack denied Plaintiff's motion to extend the automatic stay, and reiterated that no

10  automatic stay was in effect.  *See* Request for Judicial Notice, Ex. J.  During the course of this

11  bankruptcy proceeding, Plaintiff appealed Judge Novack's order denying Plaintiff's motion to

12  extend an automatic stay to the Bankruptcy Appellate Panel of the Ninth Circuit.  *See id.*, Doc. No.

13  44.  The Bankruptcy Appellate Panel dismissed the appeal as moot on December 18, 2012, because

14  the underlying case had been dismissed on September 10, 2012.  *Id.*, Doc. No.126.

15      On September 10, 2012, Plaintiff's wife, Farnaz Farahani, filed for Chapter 13 bankruptcy,

16  claiming a community property interest in the Property.  Supplemental Request for Judicial Notice,

17  Ex. L.  The case proceeded before Judge Weissbrodt.  *Id.*  While Farnaz Farahani's bankruptcy

18  case was pending, Defendant Floria voluntarily rescinded the original trustee's sale that he had

19  held on September 11, 2012.  Request for Judicial Notice, Ex. E; Supplemental Request for

20  Judicial Notice, Ex. M.  Farnaz Farahani's bankruptcy was dismissed on November 14, 2012.

21  Supplemental Request for Judicial Notice, Ex. N.  Defendant Floria obtained an Order granting

22  him "in rem" relief under the Bankruptcy Code, such that future bankruptcies should not affect the

23  foreclosure of the Property.  Supplemental Request for Judicial Notice, Ex. O.

24      **B.**    **State Court Actions**

25      In addition to Plaintiff's proceedings before the Bankruptcy Court, Plaintiff has also filed

26  two cases before the Superior Court of Santa Clara County ("the Superior Court"), both of which

27  remain pending.

28

**United States District Court**
For the Northern District of California

4

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

1

### 1.    2008 Superior Court Action

2          Prior to commencing the First Bankruptcy Proceeding, Plaintiff filed a complaint with the

3   Superior Court on April 3, 2008.  In that action (the "2008 Superior Court Action"), Plaintiff

4   named current Defendants Ronald A. Floria and PLM Lender Services, Inc.,[3] as well as

5   Defendants Banca Privata, N.A., LLC, d/b/a Pronto Mortgage Express; Warren Mickelson; Al

6   Rossie a/k/a Albert J. Ingallinera; Thomas Breza; and Does 1 through 25, inclusive.  The 2008

7   Superior Court Action complaint alleged *inter alia* fraud, breach of fiduciary duty, breach of

8   contract, and usury relating to the loan that Plaintiff obtained from Defendants in 2007.  Compl. ¶

9   8; Request for Judicial Notice, Ex. A.  According to the Superior Court docket, Defendants Floria

10   and PLM Lender Services, Inc. were dismissed with prejudice from that action in February, 2009.

11   *See* Request for Judicial Notice, Ex. B (document dismissing Ronald A. Floria from the 2008

12   Superior Court Action on February 17, 2009); Request for Judicial Notice, Ex. I, tentative ruling of

13   Court and Docket of 2008 Superior Court Action ("Tentative Denial of Motion to Rejoin and

14   Docket Sheet").  Plaintiff alleges that this dismissal took place on October 20, 2008.  Compl. ¶ 11.

15   However, he provides no evidence to support this allegation, and it is contradicted by the above

16   documents of which the Court has taken judicial notice.[4]

17

18   [3] In his complaint, Plaintiff does not distinguish between Defendants Floria, PLM Lender Services, [Inc.], and Defendant Salazar, whom he refers to collectively as "Defendants."  *See* Compl. ¶ 5.

19   However, Defendant Salazar was not named in the 2008 Superior Court Action.  Defendant PLM

20   Lender Services, Inc. is named in the caption of this proceeding as "PLM Lender Services," but has filed documents with the Court as PLM Lender Services, Inc.  *See* Doc. 12.

21   [4] The exact date in February that Defendants were dismissed is not clear from the documents submitted in the Request for Judicial Notice.  It appears that Defendant Ronald A. Floria was

22   dismissed on February 17, 2009.  *See* Request for Judicial Notice, Ex. B.  The case docket, submitted as Exhibit I, and available electronically at www.sccaseinfo.org, shows that requests for

23   dismissal for both Defendant Floria and Defendant PLM Lender Services, Inc. were filed on February 17, 2009.  The docket also reflects "Ntc:Entry Of Dismissal W/Pos" for PLM Lender

24   Services, Inc. on February 26, 2009, and for Ronald A. Floria on February 27, 2009.  The docket also indicates an "Objection to dismi, Fred Farahani, Pro Per" on February 17, 2009.  By contrast,

25   the only other docket entry between June 2008 and February 2009 is on October 22, 2008, which is recorded as a "Declaration of plt re: osc re: dismissal."  This discrepancy in dates is significant to

26   Plaintiff's allegations regarding whether an automatic stay was in effect, as discussed *infra*, because Judge Efremsky's order terminating the automatic stay had an effective date of December

27   31, 2008.

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

United States District Court
For the Northern District of California

Plaintiff now alleges that Defendants were improperly dismissed from the 2008 Superior Court Action.  Compl. ¶ 10-11.  Specifically, Plaintiff alleges that Defendants, acting through the attorney, Benjamin Levinson, threatened Plaintiff with foreclosure and financial ruin if he refused to agree to enter into a forbearance agreement ("the forbearance agreement"), which provided, *inter alia*, that Defendants would be dismissed with prejudice.  *Id.*  Defendants allegedly pressured Plaintiff to enter into the forbearance agreement while Plaintiff was recovering from a severe stroke, and was limited in both physical and mental capacity, and was not actively represented by counsel.  *Id.*  Defendants allegedly concealed from Plaintiff the fact that he was shielded from immediate foreclosure by his Chapter 11 bankruptcy proceeding, and that none of the parties could lawfully enter into such an agreement without prior approval of the Bankruptcy Court.  *Id.*  While neither the instant complaint nor the motion to dismiss allege a date for this forbearance agreement, subsequent proceedings indicate the agreement was entered into on February 11, 2009.  *See In re Fred Farmahin Farahani*, Case No. 09-54725-ASW, Doc. No. 147 ("Transcript Vacating Forbearance Agreement"), Tr. 4:17-19; *Id.*, Doc. No. 150 ("Order Vacating Forbearance Agreement"), at 1.

On December 7, 2010, in the course of Plaintiff's Second Bankruptcy Proceeding, Judge Weissbrodt vacated this forbearance agreement as unenforceable.  Transcript Vacating Forbearance Agreement, Tr. 4:5-9:11; Order Vacating Forbearance Agreement, at 1.  Judge Weissbrodt acknowledged that the parties disputed the exact content of the forbearance agreement.  Tr. 5:4-7.  However, it was undisputed that the agreement (1) added Defendant's attorney's fees to the amount of the secured debt; (2) caused Plaintiff to dismiss Defendant from a pending State Court action, and that such action belonged to Plaintiff's bankruptcy estate as an asset of the estate; and (3) reduced the interest rate on Defendant's loan to Plaintiff from 13.99 percent to 11.25 percent and extended the maturity date.  *Id.* at 5:4-20.  Judge Weissbrodt noted that this forbearance agreement took place on February 11, 2009, during the course of Plaintiff's First Bankruptcy Proceeding before Judge Efremsky.  *Id.* at 4:13-19.  Judge Weissbrodt further found that no automatic stay was in place at that time, since Judge Efremsky had granted Defendant Floria relief from the automatic

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

1  stay on November 24, 2008. *Id.* at 4:14-17.  However, Judge Weissbrodt found that relief from the

2  stay "did not grant [Plaintiff] authorization to incur new debt or to enter into a settlement with

3  [Defendant]." *Id.*at 7:4-24.  Rather, Judge Weissbrodt found that the settlement of a state court

4  cause of action during bankruptcy proceedings without the Bankruptcy Court's approval violated

5  Federal Rule of Bankruptcy Procedure 9109(a) and rendered the settlement unenforceable.  *Id.* at

6  8:12-24 (citations omitted).  Judge Weissbrodt also emphasized that Defendant's "experienced

7  bankruptcy attorney" negotiated the forbearance agreement with Plaintiff and Plaintiff's agent,

8  rather than with Plaintiff's attorney whose motion to withdraw had not been granted at that time.

9  *Id.* at 4:19-5:1.  Thus, Judge Weissbrodt found the agreement unenforceable, both by statute and

10 based on the equities of the transaction.  *Id.* at 8:1-9:11.

11      However, Judge Weissbrodt also emphasized that Plaintiff's motion to vacate the

12 agreement did not seek to determine the validity, priority, or extent of Defendant Floria's lien. *Id.*

13 at 6:20-7:1.  Rather, the result of Judge Weissbrodt's decision to vacate the forbearance agreement

14 reduced the amount of Defendant Floria's lien, by striking the addition of Defendant Floria's

15 attorney's fees to the amount of the secured debt.  *See id.* at 6:23-25.  As noted above, Judge

16 Weissbrodt dismissed Plaintiff's Second Bankruptcy Proceeding without prejudice on May 20,

17 2012.  *See In re Fred Farmahin Farahani*, Case No. 09-54725-ASW, Doc. No. 246.

18      Despite Judge Weissbrodt's finding that the forbearance agreement was unenforceable,

19 Plaintiff's repeated attempts to vacate the dismissal of Defendants from the 2008 Superior Court

20 Action have been unsuccessful.  Prior to Judge Weissbrodt's decision vacating the agreement, the

21 Superior Court denied Plaintiff's motion for an order granting relief from the voluntary dismissals

22 on July 21, 2009, and denied Plaintiff's motion for rescission of the mutual settlement agreement

23 and forbearance agreement on August 11, 2009.  Request for Judicial Notice, Ex. C, Superior Court

24 "Order Denying Motion for Order Granting Relief from Voluntary Dismissals" and "Order

25 Denying Motion for Rescission of Mutual Settlement Agreement & Forbearance Agreement."

26 Subsequent to the Bankruptcy Court's decision vacating the forbearance agreement, Plaintiff filed

27 a motion for rejoinder of dismissed Defendants Floria and PLM Lender Services, Inc. in the 2008

28

7

United States District Court
For the Northern District of California

Superior Court Action, that was heard on September 4, 2012. Compl. ¶ 14. Defendant has represented that this motion was denied. *See* Request for Judicial Notice, Ex. I, Tentative Denial of Motion to Rejoin and 2008 Superior Court Action Docket Sheet.

### 2.    2012 Superior Court Action

On November 30, 2012, Plaintiff filed a second action in Santa Clara Superior Court ("2012 Superior Court Action"), naming current Defendants Ronald Floria and PLM Lender Services, Inc., as well as Defendants 123TD.com, LLC; Pronto Mortgage Express; Premier Trust Deed Investments; Albert Joseph Ingallinera a/k/a Al Rossi; Warren M. Mickelson; Thomas Breza; and Does 1 through 25, inclusive. The complaint alleges 14 causes of action, including all of the causes of action alleged in the 2008 Superior Court Action except for usury. The complaint requests damages, injunctive, and declaratory relief. *See* Supplemental Request for Judicial Notice, Ex. P. This case also remains pending. *Id.*

### C.    Plaintiff's Filings in This Court and with the Ninth Circuit

On December 30, 2008, the day before Plaintiff appealed Judge Efremsky's termination of the automatic stay to this Court, Plaintiff also filed a document in this Court alleging that Defendant Floria violated various laws, and Plaintiff requested a temporary restraining order. *See In re Fred Farmahin Farahani*, Case No. 08-05786-RMW (N.D.Cal. Dec. 30, 2008). U.S. District Judge Ronald M. Whyte denied Plaintiff's request for a temporary restraining order on December 30, 2008. *See id.*, Doc. No. 4. The case was subsequently reassigned to Judge James Ware, who was presiding over Plaintiff's appeal of Judge Efremsky's termination of the automatic stay, which Judge Ware dismissed on June 25, 2009, as discussed in Section I.A above. On May 12, 2009, Judge Ware dismissed Case No. 08-05786 with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and entered judgment against Plaintiff in favor of Defendants Benjamin R. Levinson, PLM Lender Services, and three other Defendants. *See id.*, Doc. No.13; Doc. No. 14.[5]

---

[5] Judge Whyte aptly described Mr. Farahani's filing as "difficult to comprehend." No Defendants have alleged that this previous judgment precludes the current action, nor was Defendant Floria named in that action.

8

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

Plaintiff filed the complaint in the instant action on September 5, 2012. Although no causes of action were enumerated, the complaint alleged "usurious lending practices and violations of the automatic stay" under the Bankruptcy Code, 11 U.S.C. § 362 *et seq.* Doc. No. 1. On September 10, 2012, the day before a scheduled foreclosure sale, Plaintiff filed an *ex parte* motion for a temporary restraining order barring the sale. Also on September 10, 2012, Judge Ronald Whyte denied the motion. Doc. No. 7.

On September 28, 2012, Defendant Ronald A. Floria filed a motion to dismiss for lack of standing and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Doc. No. 13. Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition to the motion to dismiss was due on October 12, 2012. On January 7, 2013, when Plaintiff had not filed an opposition or statement of nonopposition to this motion to dismiss, this Court issued an order converting the January 31, 2013 hearing on Defendant's motion to dismiss to a hearing ordering Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Doc. No. 16. On January 30, 2013, Plaintiff filed a motion for a 45 day extension of the deadline to show cause. *See* Doc. Nos. 19-20. Plaintiff's motion and supporting declaration explained that Plaintiff (1) was proceeding pro se; (2) was not registered for PACER; (3) learned of the order to show cause on January 20, 2013, after contacting the Clerk's Office regarding another matter; (4) is permanently disabled as a result of a stroke; and (5) had a broken foot.

Plaintiff appeared pro se at the order to show cause hearing on January 31, 2013. On that date, the Court declined to dismiss the case, rescheduled the briefing and hearing on Defendant's motion to dismiss, and referred Plaintiff to the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse. At the hearing, Plaintiff represented that Defendant Adolfo Salazar had been served, and the Court ordered Plaintiff to file proof of service of Defendant Adolfo Salazar by February 1, 2013. Doc. No. 21.[6] As of April 11, 2013, no proof of

---

[6] None of the briefing in the current action makes clear the role of Defendant Salazar. Other documents reveal that Adolfo Salazar is a junior creditor. *See* Case No. 08-05786-RMW, *In re: Fred Farmahin Farahani*, Doc. No. 4. Defendant Salazar has not filed an appearance or any documents in this case.

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

United States District Court
For the Northern District of California

1  service of the complaint was entered on ECF.  At the April 11 hearing, Plaintiff again represented

2  that he had timely served Defendant Salazar and that Plaintiff would file a proof of service by April

3  15, 2013.  On April 12, 2013, a proof of service of Defendant Salazar was entered into ECF.  *See*

4  Doc. No. 43. The document bears a stamp indicating that it was filed in paper copy with the

5  Clerk's office on September 19, 2012.  *See id.*  Accordingly, the Court finds that Defendant Salazar

6  was timely served in this action.

7         Plaintiff filed an opposition to Defendant Floria's motion to dismiss on February 19, 2013,

8  in compliance with the adjusted deadline set by the Court.  Doc. No. 23.  Defendant Floria filed his

9  reply on February 26, 2013, in compliance with the Court's adjusted deadline.  Doc. No. 39.

10 Following Plaintiff's eviction on March 27, 2013, Plaintiff filed the three post-eviction motions,

11 discussed at length below.  Doc. No. 32; Doc. 34; Doc. No. 35.  On April 9, 2013, Plaintiff filed a

12 pre-case management statement containing further allegations of improper eviction, and a

13 "proposed order" not identified as a motion.  *See* Doc. No. 39; Doc. 40.

14        Additionally, on January 22, 2013, Plaintiff filed a petition for Writ of Mandamus in the

15 Ninth Circuit Court of Appeals, requesting "to stay the sale of real property until petitioner's cases

16 are heard," and "to transfer all of petitioner's cases to the San Francisco District of the United

17 States District Court of Northern California."  *See* Doc. No. 17.  On January 25, 2013, the Ninth

18 Circuit denied Plaintiff's petition.  *See* Doc. No. 18.

19 **II.     LEGAL STANDARD**

20        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

21 it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the

22 plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

23 *Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the

24 plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

25 unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  In deciding whether the plaintiff has stated a

26 claim, a court must assume the plaintiff's allegations are true and draw all reasonable inferences in

27 the plaintiff's favor.  *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

However, a court is not required to accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).  The Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).  Nonetheless, "although pro se pleadings are construed liberally, even pro se pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.'"  *Doe v. Fed. Dist. Court*, 467 F. App'x 725, 727 (9th Cir. 2012) (quoting *Brazil v. United States Dep't of Navy,* 66 F.3d 193, 199 (9th Cir.1995)).

In granting a motion to dismiss, a court should grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000).  If amendment would be futile, however, the court may dismiss with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

## III.    DISCUSSION

For the reasons set forth below, the Court GRANTS Defendant Floria's motion to dismiss, and dismisses the complaint with respect to all Defendants, with leave to amend as set forth below. The Court also DENIES Plaintiff's post-eviction motions.

### A.    Motion to Dismiss

#### 1.    Failure to State a Claim

Although only Defendant Floria has filed a motion to dismiss in this action, Plaintiff's complaint fails to differentiate between the three named Defendants, and the defects in the complaint identified by Defendant Floria apply equally to the other two Defendants. [7]  Specifically,

---

[7] The Court notes that on September 27, 2012, Defendant PLM Lender Services, Inc. filed a notice of non-monetary status in lieu of an answer, to which Plaintiff did not object.  Doc. No. 12. California Civil Code Section 2924*l* permits a trustee to declare non-monetary status if the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ.Code § 2929*l* (a).  If there is no objection to the declaration within 15 days of filing, the trustee gains non-monetary status. Cal. Civ. Code § 2929*l*

11

1   Plaintiff's pro se complaint does not enumerate any causes of action, and contains minimal factual

2   allegations, some of which conflict with the facts presented in the documents of which the Court

3   has taken judicial notice.  *See supra*; Doc. No. 1.  As such, the complaint fails to give any

4   Defendant "fair notice of what the ... claim is and the grounds upon which it rests."  *See Iqbal*, 556

5   U.S. 662 at 698-99 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  Defendant Floria's motion

6   to dismiss is therefore GRANTED, and Plaintiff's complaint is dismissed with respect to all

7   Defendants.  *See Silverton v. Dep't of the Treasury,* 644 F.2d 1341, 1345 (9th Cir. 1981) (A court

8   "may properly on its own motion dismiss an action as to defendants who have not moved to

9   dismiss where such defendants are in a position similar to that of moving defendants or where

10  claims against such defendants are integrally related."); *see also Abaghinin v. Amvac Chem. Corp.,*

11  545 F.3d 733, 742–743 (9th Cir. 2008).

### 2.   Violation of Automatic Stay

13      For the reasons set forth below, the Court grants Defendant Floria's motion to dismiss with

14  prejudice as to Plaintiff's claims arising out of an alleged violation of an automatic stay.  The Court

15  finds that any amendment to these claims would be futile in light of the documents of which the

16  Court has taken judicial notice.  *See Lopez*, 203 F.3d 1122; *Dumas*, 90 F.3d 986.

17      Plaintiff has repeatedly alleged that "Defendants" violated the automatic bankruptcy stay,

18  but has failed to identify any improper action taken by any of the Defendants while an automatic

19  stay was in effect.  Although Plaintiff has alleged that the dismissal of Defendants Floria and PLM

20  Lender Services, Inc. from the 2008 Superior Court Action violated an automatic stay, the Court

---

21  (d).  *Cf. Wise v. Suntrust Mortg., Inc.*, 11-CV-01360-LHK, 2011 WL 1466153 (N.D. Cal. Apr. 18,
22  2011).  Further, in the 2008 Superior Court Action complaint, Plaintiff stated that "PLM Lender
    Services, Inc. is a corporation . . . doing business  . . . as a foreclosure sales trustee" and "is named
23  herein solely to establish the Court's jurisdiction over it, and not for any monetary recovery, and
    specifically for purposes of perfecting a binding order and judgment from the court in Plaintiff's
24  causes of action alleged herein for injunctive relief."  Request for Judicial Notice, Ex. A, ¶ 4.  As
25  stated above, PLM Lender Services, Inc. has now transferred all of its right, title and interest in the
    Property to Defendant Floria, and Plaintiff's prayer for injunctive relief is now moot.  *See*
26  Supplemental Request for Judicial Notice, Ex. S.  At the April 11 hearing, Plaintiff indicated an
    untimely objection to Defendant PLM Lender Services, Inc.'s non-monetary status; however, he
27  did not identify any basis for this objection.  As such, the Court considers PLM Lender Services,
    Inc. a nominal party in this action.
28                                              12

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    has taken judicial notice of the fact that the dismissal with prejudice of Defendant Floria and

2    Defendant PLM Lender Services, Inc. from that case was in February, 2009, at a time when no

3    bankruptcy stay was in effect.  *See, e.g.* Compl. ¶ 10-11; Request for Judicial Notice, Ex. B; Ex. I.

4    In denying Plaintiff's request for a temporary restraining order and preliminary injunction, Judge

5    Whyte similarly noted that no automatic stay was in effect in February, 2009.  *See* Doc. No. 7

6    (observing that Bankruptcy Judge Roger Efremsky had issued an order terminating the automatic

7    stay pursuant to the bankruptcy laws as of December 31, 2008) (citing *In re Fred Farmahin*

8    *Farahani*, Case No. 08-52082-RLE, Doc. No. 57, 1-2).

9           At the April 11 hearing, Plaintiff again alleged that a violation of a stay took place in

10   October, 2008.  However, Plaintiff provided no evidence to dispute the record that the forbearance

11   agreement and subsequent dismissal of Defendants Floria and PLM Lender Services, Inc. took

12   place in February, 2009, after the automatic stay had been lifted on December 31, 2008.  Nor has

13   Plaintiff alleged that any bankruptcy stay was in effect at the time of the actual effective

14   foreclosure sale on January 25, 2013.  Consequently, the Court finds that any further factual

15   allegations with respect to a violation of an automatic stay would be futile, and this claim is

16   DISMISSED with prejudice.  *See Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

17                     **3.       Leave to Amend**

18          In light of the Court's duty to protect a pro se litigant's right to a hearing on the merits of

19   his claim despite ignorance of the technical procedural requirements, Plaintiff is hereby given leave

20   to amend his complaint within 21 days to specify causes of action with supporting factual

21   allegations.  *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  However,

22   Plaintiff may not add either new parties or causes of action that could not reasonably be construed

23   to be included in the original complaint, without leave of the Court or stipulation of the parties

24   pursuant to Federal Rule of Civil Procedure 15.

25          Because Plaintiff is pro se, the Court provides additional guidance as to what Plaintiff must

26   address in an amended complaint.  In addition to specifying causes of action with supporting

27   factual allegations, Plaintiff's amended complaint must address with specificity (a) why this Court

28

13

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

United States District Court
For the Northern District of California

1  is the proper forum to hear this case, including identifying a valid basis for federal jurisdiction; and

2  (b) the availability of equitable relief.  A failure to adequately address these issues or to comply

3  with the 21 day deadline will result in a dismissal with prejudice.  Plaintiff is advised that he must

4  have a good faith basis, in both law and fact, for any amendments.  *See* Fed. R. Civ. P. 11.  Any

5  future allegations that lack a good faith basis may subject Plaintiff to sanctions, including monetary

6  sanctions.  *See id.*; *Warren v. Guelker,* 29 F.3d 1386, 1388 (9th Cir.1994) (noting that Rule 11

7  applies to pro se litigants); *Sears v. Cnty. of Monterey*, 11-CV-01876-SBA, 2012 WL 368688 at

8  *13 (N.D. Cal. Feb. 3, 2012).

9                                             **a.      Proper Forum**

10         In light of Plaintiff's two pending state court actions, multiple dismissed bankruptcy

11  proceedings, two dismissed bankruptcy appeals, two denials of temporary restraining orders, and

12  denial of writ of mandamus by the Ninth Circuit, the Court has significant concerns about whether

13  this Court is the proper forum for Plaintiff's claims.  Most saliently, Plaintiff has thus far failed to

14  identify any valid basis of federal jurisdiction.  Plaintiff has never asserted a basis for diversity

15  jurisdiction in this case.[8]  Rather, the complaint alleges only that this Court has jurisdiction because

16  the case "involves usurious lending practices and violations of the automatic stay, 11 U.S.C. §

17  362." Compl. ¶ 1.  Neither of these bases is sufficient.  As discussed above, the claims of violation

18  of an automatic stay have been dismissed with prejudice.  Nor do usurious lending allegations

19  under California law alone provide a basis for federal jurisdiction.

20         However, it appears that Plaintiff may seek to assert violations of the federal Truth in

21  Lending Act (TILA), which were raised for the first time in Plaintiff's *ex parte* motion for a

22  constructive trust, and referenced by Plaintiff at the April 11 hearing.  If Plaintiff does rely on

23  TILA as the basis for federal jurisdiction, Plaintiff must address the statute of limitations, which

24  appears to bar Plaintiff's claim for either rescission or damages.

---

[8] *See* Request for Judicial Notice, Ex. A (Plaintiff's Complaint in the 2008 Superior Court Action, alleging that that Defendant Floria "is a resident of California, and investing in mortgages secured by real property in Santa Clara County, and that PLM Lender Services, Inc. is a corporation doing business in Santa Clara County, CA.)  Plaintiff has not suggested that he is a citizen of another state, or that he is not a legal permanent resident domiciled in California. *See* 28 U.S.C. 1332.

14

United States District Court
For the Northern District of California

1    With respect to the right of rescission, TILA imposes an absolute limitation that bars any

2    claims filed more than three years after the consummation of the transaction or after the sale of the

3    property, with certain exceptions not relevant here.  15 U.S.C. § 1635(f).  Section 1635(f) is

4    considered a "statute of repose" that "depriv[es] the courts of subject matter jurisdiction when a §

5    1635 claim is brought outside the three-year limitation period."  *Miguel v. Country Funding Corp.*,

6    309 F.3d 1161, 1164 (9th Cir. 2002).  The three-year period is not subject to equitable tolling.  *See*

7    *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely

8    extinguishes the right of rescission at the end of the 3-year period.").  Therefore, Plaintiff would

9    have needed to file any TILA rescission claim arising out of Plaintiff's 2007 loan no later than

10   2010.  Because Plaintiff has not yet filed a TILA claim as of the date of this order, any future filing

11   appears to be barred by the statute of limitations.[9]

12        Although Plaintiff has not explicitly sought damages, it is likely that any damages under

13   TILA would also be barred by TILA's one year statute of limitations.  *See* 15 U.S.C. § 1640(e);

14   *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  As a general rule, TILA's statute of

15   limitations runs from the date of the consummation of the credit transaction at issue.  *Id.*  In this

16   case, consummation occurred in 2007, when Plaintiff entered into the loan agreement.  Request for

17   Judicial Notice, Ex. A, at 5.  The statute of limitations therefore expired in 2008, and Plaintiff has

18   not yet filed a TILA claim as of the date of this order.[10]  Accordingly, unless equitable tolling

19   applies to suspend the statute of limitations, Plaintiff's TILA damages claims are also time-barred.

20        The Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate

21   circumstances, suspend the limitations period until the borrower discovers or had reasonable

22   opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*,

23   784 F.2d at 915.  Plaintiff alleges in his complaint that he discovered that his loan was a "'bait and

24   switch' type" on or around January 2008.  Compl. ¶ 7.  If Plaintiff seeks to allege more recent

---

[9] Even if the Court construed Plaintiff's September 25, 2012 complaint (which does not enumerate any cause of action) as alleging a TILA claim, that complaint was filed well after the three year statute of limitations had expired.

[10] Again, even Plaintiff's September 25, 2012 complaint was filed well after the statute of limitations had expired.

15

1   discoveries of TILA violations, he is reminded that equitable tolling applies in cases where,

2   "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence

3   of his claim." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other*

4   *grounds by Socop–Gonzalez v. I.N.S.,* 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc).

5   Plaintiff's failure to show due diligence and equitable tolling in his amended complaint will result

6   in dismissal with prejudice.

7       If Plaintiff alleges that this Court has federal jurisdiction on the basis of another federal

8   cause of action, that cause must be clearly identified, and any applicable statute of limitations must

9   be clearly addressed.  If the Court dismisses Plaintiff's federal claims, it will likely decline to assert

10   supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c); *Acri v. Varian*

11   *Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). [11]

12               **b.      Availability of Equitable Relief**

13       If Plaintiff properly alleges cognizable causes of action, and identifies a basis for federal

14   jurisdiction, any future complaint must also clearly identify the relief requested.  To the extent that

15   Plaintiff seeks equitable relief, he cannot do so without pleading the ability to "tender" the amount

16   owed to Defendant Floria.  *See* Mot. at 10; Cal. Civ. Code § 1691(b) ("[T]o effect a rescission a

17   party to the contract must ... [r]estore to the other party everything of value which he has received

---

[11] If Plaintiff's amended complaint identifies a valid basis for federal jurisdiction and also alleges causes of action raised in the 2008 Superior Court Action, the Court will consider Defendant Floria's allegations that the *Rooker-Feldman* doctrine bars this Court's review of such claims.  *See* Mot. at 7-9.  Specifically, the Court will address whether Plaintiff's claims challenge a "legal error by the state court[]" and are thus barred by the *Rooker-Feldman* doctrine, or whether this Court retains jurisdiction because Plaintiff challenges "a wrongful act by the adverse party."  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).  The Court will further consider whether Defendant's dismissal with prejudice is sufficiently final to implicate the *Rooker-Feldman* doctrine.  *See Mothershed v. Justices of Supreme Court*, 410 F3d 602, 604 n.1 (9th Cir. 2005).  The Court notes that, subsequent to Judge Weissbrodt's 2010 decision vacating the forbearance agreement, Plaintiff made one attempt to rejoin Defendants Floria and PLM Lender Services, Inc. to the 2008 Superior Court Action, which was rejected on procedural grounds.  *See* Request for Judicial Notice, Ex. I (Superior Court's "Tentative Ruling" that Plaintiff has failed to comply with California Code of Civil Procedure section 1008(b) but not foreclosing future requests).  The Court reemphasizes its concern that the Superior Court may be the more appropriate venue to pursue Plaintiff's claims.  If the *Rooker-Feldman* does not bar review, the Court will weigh whether discretionary abstention may be appropriate to promote the "conservation of judicial resources and comprehensive disposition of litigation."  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

16

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

**United States District Court**
For the Northern District of California

1  from him under the contract or offer to restore the same upon condition that the other party do

2  likewise."); *Davenport v. Litton Loan Servicing, LP,* 725 F.Supp.2d 862, 880 (N.D.Cal. 2010); *Das*

3  *v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1162 (N.D. Cal. 2011).

4          It is undisputed that Plaintiff owed Floria a principal sum of at least $1,235,000.  The

5  Trustee's Deed shows that the successful bid for the property, both in the initial voluntarily

6  rescinded sale and in the more recent sale, was $100,000.  *See* Request for Judicial Notice, Ex. E,

7  Supplemental Request for Judicial Notice, Ex. S.  There is no further suggestion that Plaintiff

8  would be able to tender the full amount owing to Defendant.  (Indeed, Plaintiff has emphasized that

9  he is "of limited income," Opp'n at 23, and can no longer afford an attorney.  *See* Doc. No. 35.)[12]

10  However, Plaintiff is granted leave to amend, in the possibility that he can plausibly plead facts that

11  would be sufficient to show his ability to tender the amount owed to Defendant Floria.

12          **B.      Post-Eviction Motions**

13          The Court also denies Plaintiff's three post-eviction motions.  Plaintiff's one-page "motion

14  for emergency hearing," is DENIED as moot, in light of the April 11 hearing and the dismissal of

15  the underlying action.  Plaintiff's one-page "motion for a one-on-one appointment with judge" is

16  also DENIED.[13]  Plaintiff's third motion purports to be an "*ex parte* motion [requesting a]

17  constructive trust for defendants [sic] malicious abuse of process[;] change of venue."  The motion

18  is captioned with a reference to the current action, and also references the 2008 Superior Court

19  Action and the 2012 Superior Court Action.  The motion names Defendant Floria, Defendant PLM

20  Lender Services, Inc., and several others also named in the Superior Court Actions.  It does not

21

22  [12] Defendant Floria has alleged that Plaintiff admitted that the current value of the Property is
$600,000 in the context of the third bankruptcy.  *See* Request for Judicial Notice, Ex. K.  Plaintiff
23  has disputed the validity of this estimate.  *See* Doc. No. 27 ("Declaration: Attachment to Response
That Was Filed on Feb. 19, 2013").  Defendant Floria has objected to Plaintiff's statement, as
24  beyond the scope of the complaint and beyond the scope of judicial notice.  *See* Doc. No. 29-3.
Because Plaintiff has not alleged that he could tender the full amount owing to Defendant,
25  Plaintiff's statements would not alter the Court's decision.
[13] The Court refers Plaintiff to the Civil Local Rules governing *ex parte* communications, and
26  especially Civil Local Rule 11-4, cmt. (c) (prohibiting *ex parte* communication between a party and
the Court, except as authorized by the Local Rules or ordered by the Court).  The Court further
27  notes that the Code of Conduct for United States Judges generally bars a judge from initiating,
permitting, or considering *ex parte* communications, with certain exceptions not relevant here.  *See*
28  Code of Conduct for U.S. Judges, Canon 3.

17

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

name Defendant Salazar.  *Id.*  Based on the caption, the Court construes this filing as a further motion in the instant action, (1) seeking a constructive trust; (2) alleging a new cause of action of "malicious abuse of process"; and (3) requesting a change of venue.  As discussed below, the Court DENIES this motion.

### 1.    Request for a Constructive Trust

Plaintiff seeks a constructive trust "because all of his records are located at [the Property], and plaintiff needs these records to prosecute his usury fraud lawsuits, and if they evict him from his property.  Plaintiff is disabled, and he his wife [sic], and his disabled son will have to live in a shelter and he won't access [sic] to his records to fight his usury fraud lawsuits."  *Id.* at 2.

A constructive trust is "an equitable remedy that compels the transfer of wrongfully held property to its rightful owner."  *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 908-09 (9th Cir. 2010).  In order to seek a constructive trust, Plaintiff must show "(1) the existence of a *res* (property or some interest in property); (2) the right of a complaining party to that *res;* and (3) some wrongful acquisition or detention of the *res* by another party who is not entitled to it."  *Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990 (1995); *see also* Cal. Civ. Code § 2223.  Plaintiff's request for a constructive trust was not included in Plaintiff's complaint, and is not properly before the Court.  Moreover, as discussed above, Plaintiff has thus far failed to plead facts sufficient to allege the wrongful acquisition of the Property, and this action has been dismissed.  The Court therefore DENIES Plaintiff's request.  However, because this legal theory is sufficiently related to the facts alleged in the initial complaint, Plaintiff is granted leave to include this request for relief in an amended complaint, if Plaintiff can make the showing necessary for a constructive trust as set forth above.

### 2.    Malicious Abuse of Process

Regarding the allegation of malicious abuse of process, Plaintiff concedes that he would need to prove that the Defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner.  *See* Doc. No. 32 at 4 (citing *Coleman v. Gulf Insurance Group*, 41 Cal.3d 782, 792 (1986)).  *Cf. Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056-57,

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

United States District Court
For the Northern District of California

128 P.3d 713, 718 (2006) ("The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed.")  California courts have recognized that a claim for abuse of process "requires an act outside the purpose of the process." *See Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (2001).

Plaintiff's "malicious abuse of process" motion appears to assert a new cause of action that was not included in the original complaint, and is thus not properly before the Court.  The Court notes that no allegations in the complaint support the existence of an ulterior motive in Defendant's use of any court's process, and thus this cause of action would not be proper to include in the amended complaint.  Moreover, abuse of process claims arising out of allegations of a violation of an automatic stay are foreclosed by the Court's dismissal with prejudice of that claim.  Lastly, the Court explicitly rejects Plaintiff's suggestion that Defendant's reliance on the *Rooker-Feldman* doctrine is an "abuse of process," ECF No. 32, at 6.  Defendant's citation to this doctrine is neither a wrongful act nor indicative of any ulterior motive.  The Court thus DENIES Plaintiff's motion for malicious abuse of process without prejudice.

### 3.    Change of Venue

Plaintiff also sought to transfer venue to the United States District Court of Northern California San Francisco.  *See* Doc. No. 32 at 8.  However, Plaintiff withdrew that request orally at the April 11 hearing, and through a notice filed with the Court on April 12, 2013.  *See* Doc. No. 44. Therefore, the Court DENIES as moot Plaintiff's request for change of venue.

## IV.    CONCLUSION

The Court GRANTS Defendant's motion to dismiss and DISMISSES the complaint with respect to all Defendants, as set forth above.  Plaintiff may file an amended complaint consistent with this order within 21 days.  A failure to meet the 21 day deadline to file an amended complaint, or to address the issues identified in this order will result in a dismissal of this case with prejudice. As discussed above, the Court DENIES Plaintiff's post-eviction motions.

**IT IS SO ORDERED.**

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS

**United States District Court**
For the Northern District of California

1   Dated: April 19, 2013

_____
LUCY H. KOH
United States District Judge

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20

Case No.: 12-CV-04637-LHK
ORDER GRANTING DEFENDANT FLORIA'S MOTION TO DISMISS AND DENYING PLAINTIFF'S
MOTIONS