1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRED FARMAHIN FARAHANI, | Case No.: 12-CV-04637-LHK |
| Plaintiff, | ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT |
| v. | |
| RONALD A. FLORIA, ADOLFO SALAZAR, PLM LENDER SERVICES, | |
| Defendants. | |

On April 19, 2013, the Court issued an order granting without prejudice Defendant Ronald A. Floria's motion to dismiss Plaintiff's complaint. Doc. No. 46 ("Dismissal Without Prejudice Order"). The Court granted Plaintiff leave to file an amended complaint within 21 days, and explicitly cautioned that "[a] failure to meet the 21 day deadline to file an amended complaint, or to address the issues identified in this order will result in a dismissal of this case with prejudice." *Id.* at 20. At Plaintiff's request, the Court subsequently extended that deadline to May 24, 2013. Doc. No. 55. Plaintiff has yet to file an amended complaint even though he has filed eight documents since the Dismissal Without Prejudice Order, including three currently pending motions, Doc. Nos. 59, 60, and 62.

Below, the Court briefly reviews Plaintiff's previous experience with the judicial system, and his extensive filings in this case. The Court then DENIES Plaintiffs' three currently pending motions. However, in recognition of Plaintiff's pro se status, the Court GRANTS Plaintiff a final

1

1    extension of 30 days to file an amended complaint consistent with the requirements outlined in the

2    Court's Dismissal Without Prejudice Order.  The Court will not entertain any additional requests

3    for extension of time.  Plaintiff's failure to submit an amended complaint by June 30, 2013, will

4    result in a dismissal of this action with prejudice.

5    **I.        Plaintiff's Previous Filings**

6                 Plaintiff has substantial experience with the judicial system.  As set forth in detail in the

7    Dismissal Without Prejudice Order, Plaintiff has initiated three dismissed bankruptcy proceedings,

8    including two bankruptcy appeals; two pending Santa Clara Superior Court actions; a dismissed

9    federal district court action; the instant federal court action; and a petition for a writ of mandamus

10   to the Ninth Circuit, which was denied.  *See* Dismissal Without Prejudice Order at 2-10.  Similarly,

11   Plaintiff's wife initiated a separate dismissed bankruptcy proceeding.  *Id.*  All of these proceedings

12   relate to the foreclosure of Plaintiff's property.

13                In the instant action, prior to the Dismissal Without Prejudice Order, Plaintiff filed

14   numerous documents, including an opposition to Defendant Floria's motion to dismiss, Doc. No.

15   23, and three additional motions respectively titled: "*ex parte* motion [requesting a] constructive

16   trust for defendants [sic] malicious abuse of process[;] change of venue," Doc. No. 32; "motion for

17   emergency hearing," Doc. No. 34; and "motion for a one-on-one appointment with Judge," Doc.

18   No. 35.  These three additional motions were denied in the Dismissal Without Prejudice Order.

19                Following the Dismissal Without Prejudice Order, Plaintiff has filed six motions, one

20   declaration, and one "objection." As detailed below, the Court has already ruled on Plaintiff's first

21   three post-dismissal motions.

22                Plaintiff's first post-dismissal motion was entitled a "Motion of Malicious Abuses of

23   Process Derailing my Lawsuits and Foreclosing My Home to remove me from my Home Office

24   and Storage Business Facility and defending myself therefore I respectfully request the Court Place

25   a custody hold on my property at 1650 Pomona Ave. San Jose, CA 95110.  I eventually intend to

26   claim my property back.  I am preparing each issue individually with Exhibit and Case Law.  I

27   intend to prove to the Court that a non-judicial foreclosure of my property on January 25, 2013 was

28   based on illegal deed of trust and to reverse the foreclosure." Doc. No. 46.  In this document,

United States District Court
For the Northern District of California

2

Case No.: 12-CV-04637-LHK
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

Plaintiff requested that the Court order the lender to "REWRITE the loan contract," allow Plaintiff credit for $247,000.00, and rescind the foreclosure. *Id.* at 3.  On April 26, 2013, the Court issued an order stating that it could not discern the precise nature of Plaintiff's filing, but denied the motion, to the extent this document constituted a "Motion of Malicious Abuses of Process."  Doc. No. 50 at 2.  The Court noted that, as set forth in the Dismissal Without Prejudice Order, Plaintiff's complaint had failed to properly state a claim of malicious abuse of process.  *Id.*  Moreover, on April 26, 2013, the Court ordered Plaintiff to clarify by May 10, 2013, whether Doc. No. 46 constituted Plaintiff's amended complaint.  *Id.*  Plaintiff has not responded to the Court's order that Plaintiff provide clarification by May 10, 2013.

Plaintiff's second post-dismissal motion was filed on May 6, 2013, entitled "Motion to Request Extension of Time from 21 Days to 35 day as per Order of Docket #46 and Docket #50 to Amend My Motions of Malicious Abuse of Process."  Doc. No. 54.  Plaintiff stated that he could not comply with the May 10, 2013 deadline due to his disability, and requested that the deadline be extended until May 24, 2013.  *Id.*  On May 8, 2013, this Court granted Plaintiff's motion, but cautioned Plaintiff that by May 24, 2013, he needed to submit a full amended complaint (and not merely a "Motion of Malicious Abuse of Process").  Doc. No. 55.

Plaintiff's third post-dismissal motion was filed on May 16, 2013, entitled "Request [sic] Reasonable Time Based Upon Physical and Mental Examination Under FRCP Rule 35."  Doc. No. 57.  This document stated in relevant part, "[t]he Court also has never been aware of how my disability affects my performance in this Court, so how much of a time extension do I need to produce the documents needed for this court.  This Court has the authority to exercise Fed Rule of Procedure 35to [sic] determine the amount [sic] time a disable petitioner need for extension."  *Id.* at 1.  On May 16, 2013, the Court denied this request.  Doc. No. 58.  The Court noted that the first extension of time was based on Plaintiff's own request that the deadline be extended from 21 days to 35 days.  *Id.* at 2 (citing Doc. Nos. 54; 55).  The Court further noted that Plaintiff had not indicated any changed circumstances or new information since his first request for an extension of time.  *Id.*

Case No.: 12-CV-04637-LHK
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT

Moreover, the Court notes that at the April 11, 2013 hearing on Defendant Floria's motion to dismiss, Plaintiff represented that his disability results from a stroke he suffered in 2008. Similarly, in his Emergency Petition for Writ of Mandamus to the Ninth Circuit, Plaintiff stated that he suffered a stroke in March 2008 before the filing of his civil fraud suit in Superior Court on April 3, 2008.  ECF No. 17 at 2.  The Court is sympathetic to Plaintiff's disability, but notes that with his disability, Plaintiff, in some instances with counsel but in most instances pro se, has still managed to litigate two Superior Court actions; three bankruptcy proceedings, including two appeals; two federal district court actions; and a petition to the Ninth Circuit.  Moreover, in the instant action alone, Plaintiff with his disability and pro se status has filed nearly a dozen motions between February and May 2013.

## II.    Plaintiff's Pending Motions

Plaintiff has filed three additional motions that are currently pending, respectively entitled: (1) "Motion to the Court to Determine Defective Service of Document 13 to Petitioner Fred Farahani on or before Oct. 6, 2012," Doc. No. 59; (2) "Motion to Hold Hearing Regarding Implementation of Federal Rule of Civil Procedure 35 and to Determine Extent of Petitioner's Disability for the Purpose of Granting Extension of Time on All Issues in this Court," Doc. No. 60; and (3) "Request to Calendar a Hearing and Examination by Plaintiff Fred Farahani to Determine Violations of his Civil Rights a Senior Citizen and as a Disabled Person." Doc. No. 62.  The Court addresses each in turn.

### A.    Motion to Determine Defective Service of Document 13

On May 22, 2013, Plaintiff filed a "Motion to the Court to Determine Defective Service of Document 13 to Petitioner Fred Farahani on or before Oct. 6, 2012," Doc. No. 59.  In this motion, Plaintiff raises concerns about his failure to receive Doc. No. 13, Defendant Floria's motion to dismiss ("motion to dismiss").  *Id.*  The motion to dismiss was filed on ECF on September 28, 2012, but Plaintiff states that he did not receive a copy until the first week of February, 2013, when a friend helped Plaintiff obtain a copy from the clerk of the District Court in San Jose.  *Id.* at 1. Plaintiff raises concerns about the adverse impact of this delay.  *Id.* at 2.  Plaintiff requests that the Court instruct Defendant Floria and his counsel that they mail all future documents to Plaintiff "in

4

1   compliance with the United States Postal Regulations as well as the Court's rules regarding proper

2   service of process." *Id.* at 3.

3           The Court finds that an inquiry into the adequacy of service of the motion to dismiss is

4   moot.  On January 7, 2013, when Plaintiff had not filed an opposition or statement of

5   nonopposition to the motion to dismiss, this Court issued an order converting the January 31, 2013

6   hearing on Defendant's motion to dismiss to a hearing ordering Plaintiff to show cause why the

7   case should not be dismissed for failure to prosecute.  Doc. No. 16.  On January 30, 2013, Plaintiff

8   filed a motion for a 45 day extension of the deadline to show cause.  *See* Doc. Nos. 19-20.

9   Plaintiff's motion and supporting declaration explained that Plaintiff (1) was proceeding pro se; (2)

10  was not registered for PACER; (3) learned of the order to show cause on January 20, 2013, after

11  contacting the Clerk's Office regarding another matter; (4) is permanently disabled as a result of a

12  stroke; and (5) had a broken foot.  Plaintiff appeared pro se at the order to show cause hearing on

13  January 31, 2013.  On that date, the Court declined to dismiss the case, rescheduled the briefing

14  and hearing on Defendant's motion to dismiss, and referred Plaintiff to the Federal Legal

15  Assistance Self-Help Center ("FLASH") at the San Jose Courthouse.  Plaintiff filed an opposition

16  to Defendant Floria's motion to dismiss on February 19, 2013, in compliance with the adjusted

17  deadline set by the Court.  Doc. No. 23.

18          Moreover, as explained in the Dismissal Without Prejudice Order, Plaintiff's complaint was

19  dismissed as against all Defendants, not only based on Defendant Floria's motion to dismiss, but

20  also because of Plaintiff's failure to enumerate any cause of action against any Defendant.  *See*

21  Dismissal Without Prejudice Order at 11-12.  In the Dismissal Without Prejudice Order, the Court

22  gave Plaintiff clear guidance regarding the deficiencies of the complaint and the requirements for

23  an amended complaint.  *See id.* at 12-17.  The timing of service of the motion to dismiss is thus

24  irrelevant, and the Court DENIES this motion as moot.  However, the Court notes that all parties

25  remain bound by the requirements of service of process as detailed in the Federal Rules of Civil

26  Procedure and the Civil Local Rules of the Northern District of California.

27          **B.       Motion to Hold Hearing Regarding Implementation of Federal Rule of Civil

28               Procedure 35**

Case No.: 12-CV-04637-LHK
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT

United States District Court
For the Northern District of California

On May 22, 2013, Plaintiff also filed a motion entitled "Motion to Hold Hearing Regarding Implementation of Federal Rule of Civil Procedure 35 and to Determine Extent of Petitioner's Disability for the Purpose of Granting Extension of Time on All Issues in this Court," Doc. No. 60. This motion reiterates Plaintiff's request of May 16, 2013, Doc. No. 57, that the Court should order the examination of his physical and mental disability before determining the amount of time needed to prepare any document for the Court. *Id.* at 1. The Court DENIES this motion, for the same reasons that the Court denied Plaintiff's previous request for a physical and mental examination under FRCP Rule 35. *See* Doc. No. 58. The Court previously granted Plaintiff's requested extension, Doc. Nos. 54, 55, and Plaintiff has not introduced any changed circumstances or new information necessitating a deviation from his initial request. *See* Doc. No. 58. The Court does not require confirmation of Plaintiff's representation that he suffers from a disability, and does not find that a physical or mental examination of Plaintiff is required.

### C. Request to Calendar a Hearing and Examination

On May 23, 2013, Plaintiff filed a motion entitled "Request to Calendar a Hearing and Examination by Plaintiff Fred Farahani to Determine Violations of his Civil Rights a Senior Citizen and as a Disabled Person." Doc. No. 62.[1] Because the Court has denied Plaintiff's request for an examination, this motion is DENIED as moot.

## III. Dismissal With Prejudice

On May 29, 2013, Defendant Floria filed a proposed Judgment of Dismissal With Prejudice, due to Plaintiff's failure to timely file an amended complaint. Doc. No. 66. On May 30, 2013, Plaintiff filed an "Objection to Opposition's Request for Dismissal as Indicated as [sic] Document 66 on May 29, 2013." Doc. No. 67. Plaintiff objects to dismissal of this action based on three factors: (1) the fact that Plaintiff did not originally receive Defendant Floria's motion to dismiss; (2) the fact that Plaintiff had requested a physical and mental evaluation under Federal Rule of Civil Procedure 35 to determine the time needed for Plaintiff to pursue an amended filing;

---

[1] Also on May 23, 2013, Plaintiff filed a declaration attaching a letter sent by Plaintiff to the property manager for Defendant Floria at the Property. The relevance of this declaration is unclear.

Case No.: 12-CV-04637-LHK
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT

1    and (3) the fact that Plaintiff is "not legally-versed; in order for me to prepare any motion or

2    document, it is necessary for me to spend time researching the legal issues as the Court and the law

3    sees them.  Despite my continuous headaches and dizziness, I have spent an average of two hours

4    each day researching the feasibility of my issues in this case." *Id.* at 2.  As the Court has explained

5    above, the Court already gave Plaintiff additional time to oppose Defendant Floria's motion to

6    dismiss.  The timing of Plaintiff's receipt of Defendant Floria's motion to dismiss is irrelevant to

7    Plaintiff's ability to timely comply with the Court's order to file an amended complaint.

8    Furthermore, the Court has already denied Plaintiff's request for a further extension of time based

9    on physical and mental examination under Federal Rule of Civil Procedure 35.  *See* Doc. No. 58.

10   The Court does not require an independent evaluation of Plaintiff's disabilities.  However, in light

11   of Plaintiff's pro se status and his representations with respect to his physical and mental

12   disabilities, the Court GRANTS Plaintiff an additional 30 days to file an amended complaint,

13   compliant with the guidance provided in the Dismissal Without Prejudice Order.

14          Plaintiff's significant experience with the judicial system and extensive filings in this case

15   demonstrate that this time should be more than sufficient for Plaintiff to file an amended complaint

16   consistent with the Dismissal Without Prejudice Order, which extensively explains what Plaintiff

17   must do to cure the deficiencies in his complaint.  Moreover, the Court refers Plaintiff to Federal

18   Rule of Civil Procedure 8, which requires only that Plaintiff include: (1) "a short and plain

19   statement of the grounds for the court's jurisdiction . . ."; (2) "a short and plain statement of the

20   claim showing that the pleader is entitled to relief"; and (3) " a demand for relief sought . . ."

21   Plaintiff's allegations must be plausible on their face,  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

22   but supporting evidentiary documentation is not required.

23          The Court once again cautions Plaintiff that this is the final extension of time to file an

24   amended complaint, and that a failure to file an amended complaint by June 30, 2013 will result in

25   a dismissal with prejudice.  The Court again refers Plaintiff to the Federal Legal Assistance Self-

26   Help Center ("FLASH") at the San Jose Courthouse for assistance in preparing the amended

27   complaint.  The telephone number for FLASH is (408) 297-1480.

28   **IT IS SO ORDERED.**

7

Case No.: 12-CV-04637-LHK
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT

1   Dated: May 31, 2013

2                                              LUCY H. KOH
                                               United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 12-CV-04637-LHK
ORDER GRANTING FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT