UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRED FARMAHIN FARAHANI, | Case No.: 12-CV-04637-LHK |
| Plaintiff, | ORDER RE: WITHDRAWAL OF COUNSEL |
| v. | |
| RONALD A. FLORIA, ADOLFO SALAZAR, PLM LENDER SERVICES, | |
| Defendants. | |

On April 4, 2013, Plaintiff's former counsel Keith R. Oliver filed a document entitled "Substitution of Attorney," stating that "Plaintiff Fred Farahani has chosen to substitute himself in to the case as Pro Se Plaintiff to replace counsel Keith R. Oliver," and requesting that the Court allow for such substitution. ECF No. 37. Subsequently, Mr. Farahani confirmed that he wished to continue pro se, both in his pre-case management conference report of April 7, 2013, ECF No. 39, and at the April 11, 2013 hearing. At the April 11, 2013 hearing, the Court recognized Mr. Farahani's pro se appearance, and referred him to FLASH for further assistance.

On April 23, 2013, Mr. Farahani again confirmed his intention to proceed pro se by filing a copy of Mr. Oliver's request for "Substitution of Attorney," signed by Mr. Farahani. ECF No. 48.

This Order clarifies that the Court has accepted Mr. Farahani's pro se appearance and subsequent filings, and Mr. Oliver's request to withdraw as counsel has been GRANTED.

1

1    **IT IS SO ORDERED.**

2

3    Dated: June 7, 2013

4    _____
     LUCY H. KOH
     United States District Judge

Case No.:12-CV-04637-LHK
ORDER RE: WITHDRAWAL OF COUNSEL

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." CAL. R. PROF. CONDUCT 3-700(A)(2).

## Civil Local Rule: 11-5. Withdrawal from Case

1. **(a) Order Permitting Withdrawal.** Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case.
2. **(b) Conditional Withdrawal.** When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the Court so directs), unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

CAL. R. PROF. CONDUCT 3-700
**(A) In General.**
(1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.
(2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.
**(B) Mandatory Withdrawal.**
A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:

3

Case No.:12-CV-04637-LHK
ORDER RE: WITHDRAWAL OF COUNSEL

(1) The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or
(2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or
(3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

**(C) Permissive Withdrawal.**
If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
(1) The client
(a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
(b) seeks to pursue an illegal course of conduct, or
(c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
(d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
(e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
(f) breaches an agreement or obligation to the member as to expenses or fees.
(2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or
(3) The inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; or
(4) The member's mental or physical condition renders it difficult for the member to carry out the employment effectively; or
(5) The client knowingly and freely assents to termination of the employment; or
(6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

**(D) Papers, Property, and Fees.**
A member whose employment has terminated shall:
(1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. "Client papers and property" includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and
(2) Promptly refund any part of a fee paid in advance that has not been earned. This provision is not applicable to a true retainer fee which is paid solely for the purpose of ensuring the availability of the member for the matter.