UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRED FARMAHIN FARAHANI,<br><br>            Plaintiff,<br>   v.<br><br>123TD.COM, LLC; PRONTO MORTGAGE EXPRESS; PREMIER TRUST DEED INVESTMENTS; ALBERT JOSEPH INGALLINERA aka AL ROSSI; WARREN M. MICKELSON; RONALD A. FLORIA; THOMAS BREZA; PLM LENDER SERVICES, INC.; ADOLFO SALAZAR, and DOES 1 through 25, Inclusive,<br><br>            Defendants. | Case No.: 12-CV-04637-LHK<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS |

Before the Court is Defendant Ronald A. Floria's ("Floria") Motion to Dismiss Plaintiff's First Amended Complaint. ("Mot.") ECF No. 73. Having considered the submissions of the parties and the relevant law, the Court GRANTS Floria's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for lack of subject matter jurisdiction.

## I.    BACKGROUND

The Court provided a detailed factual and procedural history of this case in its April 19, 2013 Order dismissing Plaintiff's Original Complaint. *See* ECF No. 46 ("Apr. 19 Order") at 1-10. The Court summarizes the relevant facts here.

### A.    Factual Background

1

Since 1987, Plaintiff was the owner of a parcel of real property located at 1650 Pomona Avenue, San Jose, CA, 95110 ("the Property"). *See* FAC, ECF No. 72 ¶¶ 5, 8. In 2007, Plaintiff obtained a loan from Defendant Floria in the sum of $1,235,000.00, secured by the Property. *See* ECF No. 13-1 Ex. A ¶ 19. Plaintiff alleges that, on or around January 2008, he discovered that his loan was a "'bait and switch' type" and that Defendants were unlicensed, usurious lenders. ("Orig. Compl.") ECF No. 72 ¶ 7. Plaintiff has pursued various avenues of relief since that time. However, no court has invalidated the mortgage. The final trustee's sale of the Property took place on January 25, 2013, and the Trustee's Deed was recorded on January 29, 2013. ECF No. 29-1 Ex. S. Plaintiff and his family were evicted from the Property on March 27, 2013. *See* ECF No. 34.

### B. Procedural Background

Plaintiff has pursued numerous legal remedies to receive relief from foreclosure. First, Plaintiff initiated three bankruptcy proceedings (including two appeals). Apr. 19 Order at 3-4. Plaintiff's wife also initiated a bankruptcy proceeding. *Id*. at 4. All four bankruptcy proceedings were dismissed prior to the final sale of the Property. *Id*. at 3. Second, Plaintiff filed two Santa Clara Superior Court actions, both of which remain pending. *Id*. at 4-8. Third, Plaintiff filed a case in federal court in 2008, which was dismissed. *See In re Fred Farmahin Farahani*, Case No. 08-5786. Fourth, Plaintiff filed his Original Complaint in the instant case on September 5, 2012. ECF No. 1. Finally, Plaintiff filed a petition for a writ of mandamus to the Ninth Circuit, ECF No. 17, as well as an appeal of this Court's denial of one of Plaintiff's motions for extension of time, ECF No. 78. The Ninth Circuit denied both the petition and the appeal. ECF Nos. 18, 83.

The Court granted Floria's Motion to Dismiss Plaintiff's Original Complaint with leave to amend on April 19, 2013. Apr. 19 Order at 13. Because Plaintiff is pro se, the Court explicitly identified the deficiencies in Plaintiff's Complaint and provided guidance on the minimum requirements Plaintiff must meet in his amended complaint to avoid dismissal with prejudice. Most critically, the Court ordered Plaintiff to specify in his amended complaint the basis for federal subject matter jurisdiction in this case. *Id.* at 13-14 ("Plaintiff's amended complaint must address with specificity [] why this Court is the proper forum to hear this case, including identifying a valid

2

Case No.: 12-CV-04637-LHK
ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS

basis for federal jurisdiction . . . ."). The Court warned Plaintiff that failure to comply with this requirement would result in dismissal of the complaint with prejudice. *Id*. at 14. Furthermore, the Court limited the scope of any subsequent amendments such that "Plaintiff may not add either new parties or causes of action that could not reasonably be construed to be included in the original complaint, without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15." *Id.* at 13. The Court granted Plaintiff 21 days to amend his complaint. *Id*. at 19.

Four days after the Court issued the April 19 Order, Plaintiff submitted a motion entitled "Motion of Malicious Abuses of Process Derailing my Lawsuits and Foreclosing My Home to Remove Me from My Home Office and Storage Business Facility and Defending Myself Therefore Request the Court Place a Custody Hold on Property at 1650 Pomona Ave., San Jose, CA. 95110." ECF No. 49. The Court denied this motion three days later on April 26, 2013 because Plaintiff failed to properly state a claim of malicious abuse of process. ECF No. 50.

On May 6, 2013, Plaintiff filed his first motion for an extension of time to amend his complaint entitled "Motion to Request Extension of Time from 21 Days to 35 day as per Order of Docket #46 and Docket #50 to Amend My Motions of Malicious Abuse of Process." (First Request for Extension") ECF No. 54. Plaintiff stated that he could not comply with the May 10, 2013 deadline due to his disability, and requested that the deadline be extended until May 24, 2013. On May 8, 2013, the Court granted Plaintiff's motion, but cautioned Plaintiff that by May 24, 2013, he was required to submit a full amended complaint and not merely a "Motion of Malicious Abuse of Process." ECF No. 55.

On May 16, 2013, Plaintiff filed his second request for extension of time to file his amended complaint entitled "Request Reasonable Time Based Upon Physical and Mental Examination Under FRCP Rule 35." ("Second Request for Extension") ECF No. 57. That same day, the Court denied Plaintiff's Second Request for Extension because Plaintiff did not indicate any changed circumstances or new information since his first request for an extension of time. ECF No. 58.

Thereafter, Plaintiff filed three motions on May 22 and 23, 2013: (1) "Motion to the Court to Determine Defective Service of Document 13 to Petitioner Fred Farahani on or before Oct. 6, 2012," ECF No. 59; (2) "Motion to Hold Hearing Regarding Implementation of Federal Rule of Civil Procedure 35 and to Determine Extent of Petitioner's Disability for the Purpose of Granting Extension of Time on All Issues in this Court," ("Third Request for Extension") ECF No. 60; and (3) "Motion to Calendar a Hearing and Examination to Determine Violations of his Civil Rights as a Senior Citizen and as a Disabled Person," ECF No. 62. The Court denied Plaintiff's request for a physical examination of his disability, motion regarding defective service, and motion to calendar a hearing. ("Final Extension Order") ECF No. 69 at 4-6. However, the Court granted Plaintiff a final extension of time until June 30, 2013 to file an amended complaint correcting the deficiencies explicitly set forth in the April 19 Order. *Id.* at 7. The Final Extension Order clearly explained that the June 30, 2013 deadline was Plaintiff's last opportunity to amend his complaint. *Id*.

Plaintiff filed the FAC on June 28, 2013. ECF No. 72. On July 8, 2013, Plaintiff filed a "Request for Equitable Tolling to Allow the Disabled Plaintiff to Complete the First Amended Complaint which Was Due by June 30, 2013; It Was Filed on June 28, 2013 Partly Incomplete." ("Fourth Request for Extension") ECF No. 74. In that filing, Plaintiff represented that his June 28, 2013 FAC was "not totally complete," and requested "equitable tolling" to permit him to file another amended complaint. *Id*. The following day, July 9, 2013, Floria filed a Motion to Dismiss the First Amended Complaint. ECF No73. On July 22, 2013, Plaintiff filed a "Request for Equitable Tolling to Answer Responses of Defendants Floria and PLM," ECF No. 77, which requested a "reasonable amount of time" to respond to Defendant Floria's Motion to Dismiss. The next day, Plaintiff filed a notice of appeal to the Ninth Circuit with respect to his Second Request for Extension and the Court's Order Denying Second Request for Extension. ECF No. 78. On July 24, 2013, this Court denied Plaintiff's Fourth Request for Extension to amend his complaint, but granted Plaintiff's request for an extension to respond to Floria's Motion to Dismiss Plaintiff's First Amended Complaint. ("Equitable Tolling Order") ECF No. 79. The Court extended Plaintiff's

4

Case No.: 12-CV-04637-LHK
ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS

deadline to oppose Defendant's Motion to Dismiss from July 23, 2013 to August 7, 2013. *Id*. at 2-3. Plaintiff did not file an opposition to Floria's Motion to Dismiss by the August 7, 2013 deadline.

On August 27, the Ninth Circuit dismissed Plaintiff's appeal for lack of subject matter jurisdiction. ECF No. 83. The next day, this Court set a new briefing schedule for Floria's Motion to Dismiss in light of the delay caused by Plaintiff's appeal. ECF No. 82. This revised briefing schedule allowed Plaintiff an additional extension of time to file an opposition to the Motion to Dismiss. *Id*. at 3. On September 6, 2013, Plaintiff timely filed a two page letter entitled "Objections to Dismissal and Request for Binding Evidentiary Hearing," which the Court construes as Plaintiff's Opposition to Floria's Motion to Dismiss. ("Opp'n") ECF No. 85. Floria did not file a reply to Plaintiff's Opposition. On December 12, 2013, Plaintiff an additional document entitled "Prosecution of this Case Intention." ECF No. 90.

## II.   LEGAL STANDARDS

### A.   Request for Judicial Notice

Federal Rule of Evidence 201(c) provides that "[a] court must take judicial notice [of an adjudicative fact] if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). An adjudicative fact is subject to judicial notice when the fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. 201(b).

### B.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and a cause of action is presumed to lie outside this limited jurisdiction until the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court has a continuing obligation to determine if it has subject matter jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If a district court does not have proper subject matter jurisdiction, then that district court must dismiss the matter. *Id*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

5

Case No.: 12-CV-04637-LHK
ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS

the action."). A federal court generally may not rule on the merits of a case without first determining that the court has subject matter jurisdiction. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

### III. DISCUSSION

Plaintiff's first amended complaint alleges several violations of California statutory and common law and largely duplicates the substance of Plaintiff's 2012 State Court complaint. *See* ECF No. 29-1 Ex. P. Notably, Plaintiff neither pleads a federal cause of action nor alleges that diversity jurisdiction exists. As was the case when the Court ruled on the Motion to Dismiss Plaintiff's Original Complaint, *see* ECF No. 46 at 11, Floria is the only defendant to have filed a motion to dismiss the FAC. However, the Court concludes that the defects in the FAC, namely, lack of federal subject matter jurisdiction, apply equally to all defendants and therefore dismisses the FAC as to all defendants. *See Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related"). Because the FAC does not state a basis for federal subject matter jurisdiction, the Court DISMISSES the FAC with prejudice.

#### A. Request for Judicial Notice

The Court took judicial notice of numerous documents in its April 19 Order.[1] Floria now requests that the Court take judicial notice of two documents: (1) Plaintiff's November 2012 state

---

[1] The previously judicially noticed documents include: (1) Docket from the Bankruptcy of Plaintiff's wife, Farnaz Farahani ("Farnaz"), filed on September 10, 2012, as Case No. 12-56674-ASW in the Northern District of California; (2) Rescission of the Trustee's Deed from the sale that Floria held on September 11, 2012; (3) Order of Dismissal of Farnaz Bankruptcy entered on November 14, 2012; (4) Recorded Order Granting Motion for Post-Dismissal "In Rem" Relief Under 11 U.S.C. § 362(d)(4) in the Farnaz Bankruptcy filed as Case No. 12-56674-ASW in the Northern District of California; (5) State Court action filed by Plaintiff on November 30, 2012, in Santa Clara Superior Court; (6) Petition by Plaintiff for Writ of Mandamus in the Ninth Circuit Court of Appeals filed on January 22, 2013 as Case No. 13-70268; (7) Order Denying Writ of Mandamus filed on January 25, 2013 with the Ninth Circuit Court of Appeals; (8) Trustee's Deed recorded on January 29, 2013; (9) State Court complaint filed in April 2008; (10) Dismissal with prejudice of Floria from 2008 State Court action; (11) Two Orders Denying Plaintiff's motions to rename Floria as a defendant in the State Court action; (12) Order of Judge Whyte denying a Temporary Restraining Order sought by Plaintiff; (13) Trustee's Deed recorded on September 14, 2012; (14) Dockets from the three bankruptcies of Plaintiff; (15) Tentative ruling of Court and Docket of State Court in 2008 State Court Action; (16) Order and Amended Order of Judge

6

Case No.: 12-CV-04637-LHK
ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS

court complaint, and (2) a Trustee's Deed recorded on January 29, 2013. ECF No. 73-1. The Court previously took judicial notice of these two documents in the April 19 Order, *see* Apr. 19 Order at 2 n.1, and will do so again here. Floria's request for judicial notice is therefore GRANTED.

### B.  Subject Matter Jurisdiction

Plaintiff alleges the following causes of action: "1. gross negligence; 2. intentional misrepresentation; 3. negligent misrepresentation; 4. constructive fraud; 5. breach of fiduciary duty; 6. fraud-misrepresentation; 7. breach of contract; 8. violation of California [Constitution] Article XV Section 1(2); 9. unjust enrichment; 10. declaratory relief; 11. injunctive relief; 12. accounting; 13. elder abuse; and 14. quiet title." FAC at 1. Absent from this list is a federal cause of action. While Plaintiff alleges that jurisdiction rests with this Court because of "violations of Elder Law, Federal Automatic Stay Act, the American's [*sic*] with Disabilities Act, The Truth in Lending Act, The Real Estate Settlement Procedures Act, Wire Fraud, and failure to comply with the Federal Bankruptcy Court order," *id.* ¶ 3, Plaintiff does not plead a cause of action based on any of these laws, and the FAC does not plead facts to support claims under any of these laws.[2] In fact, the FAC mentions these laws only in the "Jurisdiction" section. Plaintiff's bare-bones assertion of jurisdiction is insufficient to establish that the Court has federal subject matter jurisdiction over this case. *See Walker v. Colvin*, No. 13-1762, 2013 WL 5737701, at *1-2 (N.D. Cal. Oct. 21, 2013) ("'A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.'" (quoting *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996))). Because the Court cannot, even under a liberal construction of the FAC, discern whether or not the FAC pleads a federal question, the Court concludes that Plaintiff has failed to establish that federal question jurisdiction exists under 28 U.S.C. § 1331 in this case.

---

Novack Denying Debtor's Motion to Extend the Stay in the third bankruptcy of Plaintiff; (17) Schedule A filed by Plaintiff in his third bankruptcy. Apr. 19 Order at 2 n.1; ECF No. 13-1; ECF No. 29-1.

[2] Moreover, Plaintiff's claims against defendants Floria, PLM Lender Services, and Adolfo Salazar for violations of the automatic bankruptcy stay were dismissed with prejudice in the April 19 Order. Apr. 19 Order at 13. The April 19 Order also clearly stated that Plaintiff may not plead a violation of the Truth in Lending Act ("TILA") without addressing why the statute of limitations should not bar such a claim. *Id.* at 14-15. Plaintiff has not addressed the statute of limitations issues with respect to TILA in the FAC. Thus, even if Plaintiff had demonstrated that subject matter jurisdiction exists in this case, the Court would still dismiss Plaintiff's TILA claim with prejudice.

1    Plaintiff has also failed to allege the existence of diversity jurisdiction. Plaintiff has alleged

2 claims against 123TD.com, LLC; Pronto Mortgage Express; Premier Trust Deed Investments;

3 Albert Joseph Ingallinera a/k/a Al Rossi; Warren M. Mickelson; Ronald A. Floria; Thomas Breza;

4 PLM Lender Services, Inc.; and Adolfo Salazar.[3] FAC. According to the FAC, all parties in this

5 case, including Plaintiff, either reside or have a principal place of business in California. FAC

6 ¶¶ 10-17. Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity between all

7 plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Because

8 Plaintiff has not demonstrated complete diversity of citizenship, diversity jurisdiction cannot exist

9 under 28 U.S.C. § 1332 in this case.

10   Plaintiff has not met his burden to demonstrate that federal subject matter jurisdiction exists

11 in this case. Accordingly, the Court DISMISSES Plaintiff's First Amended Complaint with

12 prejudice as to all defendants.

### C.    Leave to Amend

The Court DENIES Plaintiff leave to amend his complaint because any such amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (amendment would be futile if "the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

Plaintiff argues that "most of the issues in [the April 19 Order] could be examined in a binding evidentiary process." Opp'n at 2. The fundamental defect in the FAC, however, is Plaintiff's failure to plead facts of a cause of action that authorize this Court to hear Plaintiff's case at all. Plaintiff was informed that in order to avoid dismissal for lack of subject matter jurisdiction,

---

[3] Plaintiff violated the Court's April 19 Order by adding defendants not reasonably construed to be present in the original complaint without leave of the Court or stipulation of the parties. *See* Apr. 19 Order at 13 ("Plaintiff may not add either new parties or causes of action that could not reasonably be construed to be included in the original complaint, without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15."). In particular, Plaintiff added 123TD.com, LLC; Pronto Mortgage Express; Premier Trust Deed Investments; Albert Joseph Ingallinera a/k/a Al Rossi; Warren M. Mickelson; and Thomas Breza with neither leave of the Court nor stipulation by the parties. FAC at 1. Because the Court DISMISSES Plaintiff's First Amended Complaint for lack of subject matter jurisdiction without leave to amend as to all defendants, the Court does not dismiss on the basis of this violation. If the Court were not to dismiss Plaintiff's first amended complaint in its entirety, the Court nevertheless would have dismissed with prejudice any claims against the newly added defendants.

8
Case No.: 12-CV-04637-LHK
ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS

Plaintiff must: (1) allege a federal cause of action, (2) clearly identify that cause of action, and (3) clearly address any applicable statute of limitations. *See* Apr. 19 Order at 16. The Court cautioned Plaintiff that if he failed to adequately plead a federal cause of action, then the Court would "likely decline to assert supplemental jurisdiction over Plaintiff's state law claims." *Id*. In its Final Extension Order, the Court offered Plaintiff further guidance by referring him to Federal Rule of Civil Procedure 8, "which requires only that Plaintiff include: (1) 'a short and plain statement of the grounds for the court's jurisdiction . . .'; (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief'; and (3) 'a demand for relief sought . . . .'" Final Extension Order at 7 (omissions in original). The Court clarified that while Rule 8 requires that "Plaintiff's allegations [] be plausible on their face . . . supporting evidentiary documentation is not required." *Id*. (citation omitted).

While this court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), the Court believes any further amendment would be futile in light of Plaintiff's repeated inability to establish federal subject matter jurisdiction even with the Court's guidance and multiple extensions of time. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (internal quotation marks omitted)). Consequently, the Court DENIES Plaintiff leave to further amend his complaint.

## IV. CONCLUSION

The Court DISMISSES the First Amended Complaint with prejudice for lack of subject matter jurisdiction as to all defendants for the reasons set forth above. The Clerk of the Court shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

Dated: December 18, 2013

_____
LUCY H. KOH
United States District Judge

9
Case No.: 12-CV-04637-LHK
ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANTS